Grider, Ad., v. Apperson & Co.

---

GRIDER, AD., v. APPERSON & CO.

1. APPEAL FROM PROBATE TO CIRCUIT COURT: *Affidavit for: Statement of transcript.*

The statement in an appeal transcript from the probate o the Circuit Court, that an affidavit for the appeal, as required by law, was filed, will not be countervailed by the fact that such affidavit was not filed with the other papers in the case in the Circuit Court. If the statement be false the record should be corrected in the probate court, and then carried to the Circuit Court by *certiorari.*

2. PRACTICE: *Notice served on Sunday.*

The objection that notice of the proceedings was served on Sunday must be made before answer or the hearing of the cause on its merits, or it will be considered as waived.

3. ADMINISTRATION: *Petition for sale of land in litigation, for payment of debts.*

The fact that creditors petitioning the probate court for the sale of a decedent's lands for payment of his debts to them, are themselves suing the estate for an undivided half of the lands, is no ground for the denial of their petition; but the court may, in its discretion, suspend the proceedings until the litigation about the title is ended.

4. APPEALS FROM PROBATE COURT: *Practice in Circuit Court.*
Upon appeal from the probate court the Circuit Court tries the case *de novo*, and makes such orders as the probate court should have made, and may order a sale of land to pay a decedent's debts where the Probate Court has improperly refused to do so.

5. ADMINISTRATION: *Probate sale of lands; Credit.*
The credit in probate sales of land for payment of debts is not limited to six months as in other judicial sales, but is left to the sound discretion of the court.

APPEAL from *Crittenden* Circuit Court.

J. N. CYPERT, Judge, in exchange with L. L. MACK, Circuit Judge.

STATEMENT.

On the eighth day of February, 1880, Apperson & Co., having a probated claim of about eight thousand dollars ($8000) against the estate of Isaac W. Burgett, in Crittenden county, caused notice to be served on Grider, the administrator of the estate, to file with the clerk of the probate court, within twenty days, an application to the ensuing term of the court for the sale of the deceased's land for the payment of his debts, or upon his failure to do so they would, as creditors, file the application themselves. Grider failed to file the petition within the time, and thereupon Apperson & Co. gave notice of their intended application, and themselves petitioned at the following April term of the court, stating the above facts in the petition and showing, the unpaid debts of the estate, and that the personal assets were exhausted, and particularly describing the lands sought to be sold, and praying that the administrator be required to sell Burgett's interest in them.

Grider, the administrator, answered, objecting: 1st, that the notice was served on him on Sunday. 2nd, that there

was then pending in the Federal Court, at Little Rock, a. suit involving the title to half of the lands sought to be sold, and a sale of them pending that suit would result in their sacrifice; and 3rd, that there were suits pending in said court against said estate for large sums, which if successful,. would be entitled to a *pro rata* distribution in the estate.

Upon the pleadings and evidence the court refused the petition and the petitioners appealed to the Circuit Court. In the Circuit Court the administrator moved to dismiss the appeal because no affidavit for appeal was filed, and the appeal was illegal and irregular. The motion was overruled and upon hearing of the cause *de novo*, on the pleadings and evidence, the Circuit Court ordered the administrator to sell the lands for payment of the debts, on a credit of six, twelve and eighteen months, and to report his proceedings to the next term of the probate court after such sale. The administrator appealed.

*Green & Adams*, for appellants:

1.   No affidavit for appeal was filed. *Acts* 1874–5, *p.* 268–9; 4 *Ark.*, 444; 7 *Ib.*, 232, 386; 25 *Ib.*, 275; 31 *Ib.*, 236, 489.

2.   The Circuit Court had no authority to fix a day certain, with amount due, but should have certified the order to probate court. *Art.* 7, *sec.* 34, *Const.* 1874; 29 *Ark.*, 500; 35 *Ib.*, 515; 34 *Ib.*, 128; 10 *Ib.*, 541; 22 *Ib.*, 584.

3.   The sale should have been on a credit of not *less than three*, nor more than six months. *Acts Ad. Sess.*, *sec.* 6, *page* 101; *Gantt's Dig.*, *sec.* 4708; 27 *Ark.*, 292; 31 *Ib.*, 299.

4.   No appeal lies from the order of the probate court refusing a sale of real estate of a deceased person in favor of a creditor. See *Act Feb'y*, 15, 1877; *sec.* 3, *p.* 5 *and* 6,

which provides that *if the facts will warrant* the probate court may order, etc. It is the sole and exclusive judge of such facts, and of their sufficiency.

5. The court erred in decreeing sale of the *whole* of the lands, and in decreeing that Millin's claim be paid out of the proceeds. The court trespassed upon the jurisdiction of the probate court. See *Sheegog* v. *Perkins*, 34 *Ark.*, 128.

6. The judgment of the probate court was "warranted by the facts," and it is error to sacrifice $35,000 worth of property, renting for $2,500 a year, to pay debts of *less than* *one-third* of its value.

*B. C. Brown*, for appellees:

HARRISON, J. The motion to dismiss the appeal was properly overruled.

The record of the probate court states that an affidavit for the appeal, as required by law, was filed; which statement is not countervailed by the fact that such an affidavit was not filed with the other papers in the case in the Circuit Court, and must be taken as true. If such an affidavit had not been filed the record should have been amended, and the transcript in the Circuit Court corrected by *certiorari*.

The objection to the notice to Grider, because the same was served upon him on Sunday, if valid, as to which we express no opinion, should have been made before the hearing of the petition, and was waived by the failure to do so, and the answer to the merits. *Newman Plead. and Prac.*, 493.

That the personal estate of the intestate was not sufficient for the payment of his debts, and that the appellees were

1. APPEAL FROM PRO-BATE TO CIRCUIT COURT: Affidavit for: Statement of transcript.

2. PRAC-TICE: Notice served on Sunday.

Grider, Ad., v. Apperson & Co.

creditors and entitled to proceed under the act of February, 15th, 1877, for a sale of the land clearly appears.

3. ADMIN-
ISTRATION
Applica-
tion to sell
land in lit-
gation, for
payment
of debts.
They could not, because they claimed and had a suit pending for an undivided half of the land, be denied the remedy or the means provided by the Statute for obtaining payment of their claim probated against the estate. Their rights in that regard were the same as those of any other creditor. The court might, no doubt, in its discretion have suspended the proceeding until the litigation about the title was ended, but it did not do so, and we cannot, from the evidence, conclude that its discretion was not rightly exercised.

4. APPEA-
LS:
Practice
in Probate
Court.
The Circuit Court, upon an appeal from the probate court, tries the cause *de novo*, and renders such judgment or makes such order as the probate court should have rendered or made. *Act of March 24th*, 1875, *sec. 4.* It was not error therefore for the Circuit Court to make the order for the sale.

5. Credit
in probate
sales of
lands.
The credit to be given upon a sale of real estate by an executor or administrator, for the payment of debts, is not limited by law to six months as in other judicial sales, but is left to the sound discretion of the court. *Sec. 172, Gantt's Digest.*

Affirmed.