## WILSON *v.* HINTON.

### Opinion delivered October 31, 1896.

ADMINISTRATION—LIABILITY OF DECEASED ADMINISTRATOR.—Under act of March 13, 1889, providing that, when an administrator of an estate dies his successor in office shall compel his personal representative to account for and pay over all money and property due such estate from the estate of the deceased administrator, a former settlement of his account by the deceased administrator is sufficient evidence of the amount due, in the absence of any showing that he was entitled to any credits thereon; and it is no defense that the administrator of such deceased administrator has no personal information as to the amount due by his intestate, and that none of the money shown to be due by his intestate had come into his hands.

CIRCUIT COURT—PRACTICE ON APPEAL FROM PROBATE COURT.—On a trial *de novo* on appeal from the probate court, the circuit court should make such order as the probate court ought to have made.

Appeal from St. Francis Circuit Court.

GRANT GREEN, JR., Judge.

STATEMENT BY THE COURT.

D. M. Wilson, Sr., was appointed administrator of the estate of Vital Lesca, deceased, by the probate court of St. Francis county, and took possession of the assets of said estate. Wilson afterwards died, and the appellee, C. F. Hinton, was appointed administrator in succession of said estate of Vital Lesca. Hinton, as such administrator, thereafter commenced in the St. Francis probate court this proceeding to compel the appellant, as the administrator and personal representative of Wilson, the deceased administrator, to account for and pay over to said Hinton the assets of said estate of Vital Lesca. Hinton alleged in his written petition for a settlement that the deceased administrator, Wilson, had filed only one account current as administrator of the estate of Vital Lesca, and that such account showed that Wilson had in his possession the sum of $1,187.93, money belonging to said estate, and he asked that appellant, as the personal representative of said Wilson, be compelled to account for and pay over said sum of money. The appellant, as administrator and personal representative of said Wilson, deceased, filed a response to this petition for settlement, denying the right of the administrator in succession to call him to account, and stating in substance that no assets of the estate of Vital Lesca had come to his hands or possession, except certain notes and accounts which he had already tendered to said Hinton as administrator in succession.

The circuit court, where the case was heard on appeal, found that the estate of Wilson, the deceased

administrator, was due the estate of Vital Lesca the sum of $1,187.93, besides certain notes and accounts. It accordingly restated his account, and charged him with that amount, and ordered appellant, as personal representative of said Wilson, to pay said sum, and turn over the notes and accounts to said Hinton, administrator in succession.

*Geo. Sibly* for appellant.

*John Gatlin* and *Norton & Prewett* for appellee.

RIDDICK, J., (after stating the facts.). We are of opinion that the finding and order of the circuit court was correct.    Hinton alleged that the account current filed by the deceased administrator showed that he had in his hands a sum of money belonging to the estate of Vital Lesca.   Appellant did not contradict this allegation.   On the contrary, if we understand his response, he admitted that the account filed by Wilson, the deceased administrator, showed that he had in his hands this sum of money belonging to the estate of Vital Lesca.   Appellant did not attempt to show in any way that his intestate was entitled to any credit on said charge, but his whole defense consisted in the allegation that he had no personal information as to whether said charge made by the deceased administrator against himself was correct or not, and that none of said money had come into his hands, as the personal representative of said deceased administrator.  This was no defense to the petition for a settlement, for the object of the proceeding was, not to determine whether he, the personal representative of Wilson, had received such money, but whether it was due from the estate of his intestate.   By an act of the general assembly, approved March 13, 1889, it is provided, that when an administrator of an estate dies, his successor in office shall compel the personal representative of the deceased administrator to account for and pay over to such

*[margin note:]* Liability of deceased administrator.

successor all money and property due such estate from the estate of the deceased administrator. For this purpose the administrator in succession may compel the personal representative of the deceased administrator to appear in the probate court and make settlement. If the amount found due upon settlement is not paid, the administrator in succession is required to bring suit against the personal representative and bondsmen of the former administrator. So the purpose of Hinton in filing his petition was, not to make the appellant personally liable, but to bring him to a settlement, and to ascertain the amount due from the intestate to the estate of Vital Lesca, to serve as a basis of suit against the estate of the deceased administrator and his bondsmen. See Acts of 1889, p. 50.

As the settlement filed by Wilson, the deceased administrator, showed that he had in his hands $1,187.93 belonging to the estate of Vital Lesca, and as there was no showing or claim that said Wilson had paid out any portion of same for the benefit of the estate, or was entitled to any credit on this charge, the circuit court was justified, without further evidence, in finding that such sum was due, and in ordering the appellant, as personal representative of said Wilson, to pay the same over to Hinton as administrator in succession of said Vital Lesca.

Practice on appeal from probate court. Cases on appeal from the probate court are tried by the circuit court *de novo*. The contention of appellant that the circuit court should have reversed the judgment, and remanded the case for a new trial in the probate court, cannot, therefore, be sustained. Sand. & H. Dig. sec. 1152; *Grider* v. *Apperson*, 38 Ark. 388.

The probate court refused to compel the personal representative to make settlement for all the money and property due from the estate of the deceased administrator to the estate of Vital Lesca, but only compelled

him to settle for so much of the assets of the estate of Vital Lesca as had come to the hands of such personal representative. It was therefore proper, on the hearing *de novo* on appeal, for the circuit court to make such order as the probate court should have made, the circuit court having on such trial the power of the probate court.

Finding no error, the judgment is affirmed.

BATTLE, J., did not participate.