BUHRMESTER *v.* BUHRMESTER.

Opinion delivered April 14, 1924.

1. EXECUTORS AND ADMINISTRATORS—APPEAL FROM PROBATE COURT.— On appeal from a judgment of the probate court allowing to a widow dower and her statutory allowance, the circuit court, under Crawford & Moses' Dig., § 2261, tries the case *de novo.*

2. EXECUTORS AND ADMINISTRATORS—WIDOW'S DOWER—EVIDENCE.—An allowance of dower and a statutory allowance to the widow will be set aside on appeal where there is no testimony showing the value of the items embraced in the inventory or tending to prove the value of deceased's estate.

Appeal from Poinsett Circuit Court; *W. W. Bandy,* Judge; reversed.

*S. T. Mayo* and *Cooley & Adams,* for appellant.

The wife of a partner is entitled to dower in partnership property only subject to prior payment of partnership debts and adjustment of partnership equities.  28 Ark. 256; 48 Ark. 557; 66 Ark. 251; 19 C. J. 473, § 53. When the existence of a person, a personal relation or state of things is once established by proof, the law presumes that the person, personal relation or state of things continues to exist as before until the contrary is shown, or until a different presumption is raised from the nature of the subject in question.  10 R. C. L. 872, § 15; 9 Ency. Ev. 538; 20 R. C. L. 849, § 54; 22 A. L. R. 359.  The existence of a partnership having been proved at a particular time is presumed to continue until a dissolution is proved.  48 Ark. 551.  A widow is not a competent witness in a case where the heirs seek to set aside a convey-

ance of decedent in such a way that her dower right would be affected. 12 Ency. Ev. 818. It is necessary that a decedent's interest in a partnership or in partnership property should be included in the inventory of the administrator. 23 C. J. 1161, § 378; while an inventory is *prima facie* correct it is not conclusive, and may be explained and shown to be incorrect in certain particulars. 23 C. J. 1166, § 383. Where one holds himself out as a partner and thereby induces others to act on the faith of such act or representation, he cannot be heard to prove that no such partnership in fact existed. Jones, Commentaries on Evidence, § 276-A, vol. 2, page 527; 95 Ark. 1; 28 Ark. 59.

WOOD, J. In the spring of 1922 Mrs. W. H. Buhrmester filed in the probate court a petition for dower and widow's allowance, setting up that her husband, W. H. Buhrmester, had died and left an estate of the value of $4,000, consisting of rice, an automobile, horses, cows, hogs, and other personal property. She alleged that the estate was insolvent, and she therefore claimed her dower in the personal property and her widow's allowance in the sum of $300, together with her wearing apparel, household goods and kitchen furniture. Mrs. Buhrmester also filed exceptions to the inventory of R. E. Buhrmester, administrator of the estate of her deceased husband. She excepted to his inventory on the ground that he had failed, neglected and refused to list an automobile, valued at $1,500, in which her husband had an undivided interest. The administrator responded to the petition for dower and allowance, and denied the allegations thereof. He alleged that practically all the property left by the deceased was partnership property belonging to the firm of Buhrmester Bros., composed of R. E. Buhrmester, the administrator, and W. H. Buhrmester, his deceased brother. He alleged that all the partnership debts would have to be paid out of the partnership assets before the widow was entitled to any part of the estate in his hands, and he asked to be permitted to introduce proof showing that the assets held by him

were partnership assets, and prayed that the widow's allowance be made subject to the payment of the debts of the partnership.

The cause was tried before the probate court, and that court found that the value of the personal estate of the deceased, after deducting first-class claims and the cost of administration, was $1,848; that the petitioner was entitled to dower in one-third of that amount, to-wit, $616, and further entitled to her statutory allowance of $300, and rendered judgment in her favor in the sum of $916. An appeal was duly prosecuted by the administrator to the circuit court.

On August 16, 1922, the First National Bank of Jonesboro filed a claim against the estate of W. H. Buhrmester in the sum of $558. The probate court rendered judgment classifying and allowing the claim as a fourth-class claim.

A transcript of the proceedings in the probate court was duly lodged in the circuit court, and the appeal perfected. In a trial *de novo* before the circuit court that court, after hearing the evidence, found in favor of the petitioner as follows: that the petitioner was the widow of W. H. Buhrmester, deceased, and, as such, was entitled to dower in his personal property in the sum of $616 and a widow's allowance in the sum of $300, and rendered judgment in her favor in the sum of $916, and directed the administrator to pay over the same to the petitioner out of the proceeds of the funds in his hands derived from the sale of the personal property of the estate. From that judgment is this appeal.

We have examined the testimony offered at the trial before the circuit court, and the only testimony to sustain the finding of the trial court was that of the petitioner, the appellee. To sustain her contention, she testified that she was the widow of W. H. Buhrmester; that he died November 11, 1921; that, when he died, he had between seventy and seventy-five acres planted in rice; that he had a wagon and team, a tractor and two binders, a half interest in two binders, and a half interest in a

Studebaker Six which had been in use about four months before they were married. It cost $1,600. At the time of her husband's death it was not in very good shape. He had, at the time of his death, a cow and calf and twenty-one head of hogs. Ralph Buhrmester owned the other half interest in these things. They operated together until witness and her husband were married, and then they made the rice crop together. They made their notes together before she and her husband were married, and witness thought they also did afterwards. The crops were not partnership crops. Witness didn't know whether they borrowed any money to make the crop or not.

The inventory was then introduced, which showed various items of personal property, but no value of the items was stated, and there was no testimony whatever by the appellee to show what was the value of the items embraced in the inventory, and no testimony whatever tending to prove the value of the estate of the deceased.

The trial before the circuit court was a trial *de novo*. Section 2261, Crawford & Moses' Digest; *Grider* v. *Apperson*, 38 Ark. 388; *Wilson* v. *Hinton*, 63 Ark. 145.

Since there is no testimony whatever in the record to sustain the finding and judgment of the trial court in favor of the appellee for $916, its judgment must be reversed, and the cause remanded for a new trial.