McLain v. Sprigg.

Opinion delivered October 10, 1927.

1. EXECUTORS AND ADMINISTRATORS—PRESENTATION OF JUDGMENT TO ADMINISTRATOR'S EXECUTORS.—Where the circuit court tried *de novo* an appeal from the probate court relative to the accounts of a deceased administrator, and rendered judgment against his estate, pursuant to Crawford & Moses' Dig., §§ 43-45, it was not necessary to the validity of such judgment that it be presented to the administrator's executors, nor referred to the probate court for allowance and classification, as provided by § 97.

2. EXECUTORS AND ADMINISTRATORS—CONCLUSIVENESS OF JUDGMENT AGAINST ADMINISTRATOR'S EXECUTORS.—Where the circuit court, on appeal from the probate court, on the question of an administrator's liability to his decedent's estate, rendered judgment against his estate, such judgment was conclusive, requiring no certificate to the probate court, as the judgment directed should be done, so as to enable decedent's personal representatives to assert any offsets that they might have against the judgment, since such defenses should have been interposed in the suit for accounting.

Appeal from Jackson Circuit Court; *Dene H. Coleman*, Judge; affirmed.

*Gustave Jones*, for appellant.

*Edwin L. Boyce* and *Ira J. Mack*, for appellee.

SMITH, J.   Appellee Sprigg, as the administrator in succession of the estate of John Nevin, deceased, brought suit in the Jackson Circuit Court against the executors of the estate of W. D. McLain, and for his cause of action alleged the following facts:

John Nevin died November 6, 1920, and McLain was appointed administrator of his estate, and served as such until his death, which occurred October 15, 1921. His bond as administrator was made by the American

Surety Company, and that company was joined as a defendant. In June, 1922, the executor of McLain's estate filed a final settlement and account of the administration of the Nevin estate by McLain. To this account and settlement exceptions were filed by certain creditors of the Nevin estate, and, from the judgment of the probate court pronounced thereon, an appeal was prosecuted to the circuit court, where there was a trial *de novo* on these exceptions, certain of which were sustained, while others were overruled, and the circuit court found that McLain, as the administrator of the estate of Nevin, was indebted to the estate in the sum of $2,042.19. This judgment of the circuit court was rendered on February 26, 1925, and it was upon this judgment that appellee, Sprigg, as administrator in succession of the Nevin estate, brought this suit.

It was further alleged that the executors of the McLain estate, and the surety on his bond as administrator of the Nevin estate, had failed to pay over to the plaintiff, as administrator in succession, the amount found to be due by the circuit court from McLain to the Nevin estate, and judgment was prayed therefor.

The judgment here sued on ordered and adjudged that "the amounts due said estate of John Nevin from said administrator, W. D. McLain, and from the estate of W. D. McLain, is $2,042.19, and the clerk of this court is hereby ordered and directed to transmit a certified copy of this order and judgment to the probate court of Jackson County for further proceedings in said court consistent with law and this judgment."

To this complaint a demurrer was interposed, which was overruled and exceptions saved, whereupon the executors of the McLain estate filed an answer, alleging substantially the facts set out above, with the additional allegation that the circuit court judgment above referred to had never been transmitted to the probate court, nor had a certified copy thereof been delivered to McLain's executors, that there was no judgment of the probate court on the judgment and order of the circuit court. It

was also alleged that the judgment in the circuit court had erroneously charged the McLain estate with certain items and had erroneously failed to allow certain proper credits.

To this answer a demurrer was filed and sustained, and, defendants declining to plead further, judgment was rendered against the McLain estate for the sum sued for, and this appeal is from that judgment.

Appellant insisted that the complaint was demurrable for the reason that it contained no averment that the judgment of the circuit court against the McLain estate was properly authenticated, nor presented to the executors, nor allowed and classed by the probate court, as required by § 97, C. & M. Digest.

This, however, was not necessary. The judgment sued on was not rendered against the deceased in his lifetime. The judgment here sued on was rendered in an appeal from the probate court, in a proceeding which was intended to adjudicate the liability of McLain to the estate of which he was administrator, and, in such a proceeding, it was the duty of the circuit court to try the case *de novo* and to render a final judgment, and the judgment thus rendered did not require probation to give it validity as such.

Section 43, C. & M. Digest, provides that, if an executor or administrator shall die, resign or be removed, or for any cause shall cease to be the executor or administrator before the estate has been fully administered and settled, another executor or administrator shall be appointed to complete the administration and settle the estate. Section 44, C. & M. Digest, provides that the preceding executor or administrator shall account for and turn over to the executor or administrator in succession all money or property, administered or unadministered, remaining in his hands, and not before accounted for, and, for this purpose, may cause such former executor or administrator to be notified to appear in the probate court to make settlement. Section 45, C. & M. Digest, reads as follows:

"If the sum found due upon settlement is not paid, the executor or administrator in succession shall sue the former executor or administrator and his bondsmen therefor, or any of them, or, if such former executor or administrator be dead, he may sue his personal representatives and bondsmen, or any of them, and shall recover the full sum found due, with interest and costs."

The judgment here appealed from appears to have been rendered on a judgment recovered pursuant to the section last cited, and, liability having been thus determined, it was not necessary to have the same issues again adjudged.

In the case of *Wilson* v. *Hinton*, 63 Ark. 145, the facts were as follows:

Wilson was appointed administrator of the estate of Vital Lesca, and, after taking possession of the assets of the estate, died without having been discharged. Hinton was appointed administrator in succession, and commenced proceedings in the probate court against the administrator of Wilson's estate to recover assets of the Lesca estate. The administrator of Wilson's estate filed a response, denying the right of the administrator in succession to call him to account. The cause was heard in the circuit court on appeal, where the circuit court restated the account, as was done in the instant case, and the circuit court adjudged the balance due from Wilson, and ordered his administrator to pay that sum to the administrator in succession, and an appeal was prosecuted from that judgment to this court. The similarity of the cases is therefore apparent.

Wilson's administrator defended upon the ground that he had not received the assets for which the administrator in succession sued, and this court held on the appeal that this was no defense to the petition for a settlement, as the object of the proceeding was not to determine whether the personal representative of Wilson had received the money, but whether it was due from the estate of his intestate. The Supreme Court cited

the sections of the statute above referred to, and there said:

"Cases on appeal from the probate court are tried by the circuit court *de novo.* The contention of the appellant that the circuit court should have reversed the judgment and remanded the case for a new trial in the probate court cannot therefore be sustained. San. & H. Dig. § 1152." *Grider* v. *Apperson,* 38 Ark. 388. "The probate court refused to compel the personal representative to make settlement for all the money and property due from the estate of the deceased administrator to the estate of Vital Lesca, but only compelled him to settle for so much of the assets of the estate of Vital Lesca as had come to the hands of such personal representative. It was therefore proper, on the hearing *de novo* on appeal, for the circuit court to make such order as the probate court should have made, the circuit court having on such trial the power of the probate court."

Appellants here say that the judgment of the circuit court should have been certified to the probate court, as the judgment directed should be done, and thus enable the personal representatives to assert any offsets they might have had against that judgment, and that they were in fact entitled to such offsets, which they could and would have asserted in the probate court, among these being certain uncollected demands due the Nevin estate, which the judgment of the circuit court charged into the account as restated.

Upon this question it suffices to say, if the administrator in succession sought to charge worthless demands into the account, that defense should have been interposed in the suit for accounting. This liability was adjudicated in the judgment here sued upon, and appellants are concluded thereby.

The judgment of the circuit court appears to be correct, and is therefore affirmed.