LONG *v.* SEIDENSTRICKER.

4-7386

181 S. W. 2d 20

Opinion delivered June 12, 1944.

*Guy E. Williams, John R. Thompson* and *Eugene R. Warren,* for appellant.

*J. F. Holtzendorff* and *Chas. B. Thweatt,* for appellee.

Robins, J. Appellants, Matilda Long and Bertha Banzhof, daughters of Fred and Elizabeth Seidenstricker, both deceased, on September 18, 1939, brought suit in the chancery court against appellee A. F. Seidenstricker, their brother, alleging that appellee, as executor of the estate of their father, who died in 1921, and as administrator of the estate of their mother, who died in 1930, had "dissipated the assets" of both estates, had invested money of said estates in property which he was holding, and had failed to account for the properties of the estates, but had filed a final settlement as executor of the father's estate to which appellants had filed exceptions. The prayer of the complaint was that appellee be directed "to make a full and complete accounting of any and all sums received and held by him from the estate of Elizabeth Seidenstricker and Fred Seidenstricker."

Appellee answered alleging that, by the terms of his father's will, all the testator's property was given to his widow, Elizabeth Seidenstricker; that in her lifetime Elizabeth Seidenstricker gave each of her children (appellants and appellee) $1,000 out of the property left to her by her husband; that shortly after his mother's death appellee was appointed administrator of her estate and that subsequently the property of his mother (with the exception of certain lots known as the Bowman property) was divided equally among the appellants and himself, who were her only heirs; that afterwards the Bowman property was sold in partition proceedings and the proceeds properly divided, and that in the distribution agreement it was provided that the administration of both estates should be closed. Appellee denied that he had dissipated any assets of either estate, and alleged that he had divided all property equally among the three heirs—appellants and himself.

In a reply filed by appellants they alleged that appellee had, in fraud of their rights, "attempted to make a settlement with plaintiffs by giving them worthless notes and cancelling his debt of $1,850 with the estate of Elizabeth Seidenstricker." By an amendment to their

complaint appellants alleged that appellee had filed an inventory as executor of his father's estate by which it was shown that the property of the estate amounted in cash and notes to $13,452.13; that he had failed to account for this property other than by claiming that he turned it over to his mother; that appellee had loaned $2,300 on the Bowman property without authority and the heirs realized only $600 from this loan; that appellee deposited money belonging to the estates in banks which became insolvent; that appellee, with funds of his father's estate, purchased in his own name eighty acres and gave the estate his note therefor which he afterwards allocated to himself; that no explanation of the disposition of $13,452.13 belonging to the father's estate had been made by appellee except that he had admitted and inventoried as property of his mother money and securities of the amount of $7,914 and had disclosed the loan of $2,300 to Bowman, and the purchase of a tombstone; that the alleged distribution and settlement of Elizabeth's estate was fraudulent, and that appellee owed appellants $12,371.50, less certain sums, the amount of which was not specified.

The lower court heard the testimony and made the following finding: "That the order of the probate court overruling exceptions to the final settlement of defendant as executor of the estate of Fred Seidenstricker, deceased, is *res judicata*; that no final settlement has been filed in the probate court by defendant as administrator of the estate of Elizabeth Seidenstricker, deceased, and that therefore this court has no power to go into or surcharge the account as to that estate," and entered a decree "that the complaint insofar as it relates to transactions as executor of the estate of Fred Seidenstricker, deceased, be and the same is hereby dismissed for want of equity; that the complaint insofar as it relates to transactions of defendant as administrator of the estate of Elizabeth Seidenstricker, deceased, be and the same is hereby dismissed, but without prejudice to the right of plaintiffs to seek an accounting in the probate court."

It is undisputed that appellee, on February 7, 1931, filed a final settlement as executor of the estate of Fred Seidenstricker, deceased, in which he set forth that, in accordance with the provisions of the last will and testament of the deceased, he had turned over to the beneficiary, Mrs. Elizabeth Seidenstricker, all assets of the estate. Apparently no action was taken by the court as to this settlement until April 14, 1939, when, as shown by the record, appellants and appellee appeared in court with their respective attorneys and the exceptions of appellants to the final settlement were heard and overruled by the court. Appellants thereupon prayed an appeal, but they attempted to appeal to the circuit court. The circuit court had no jurisdiction of the matter, as Constitutional Amendment No. 24, adopted November 8, 1938, provided for an appeal from the probate court to the Supreme Court; and no attempt was made to prosecute an appeal to this court.

Appellants, by the instant proceeding, are apparently attempting to try again in chancery court the same issue—the correctness of the executor's final settlement —that was tried by the probate court on their exceptions to the final settlement. This they cannot do. "Where the party has had an opportunity to be heard in the original proceeding and to have the matter revised on appeal, but has neglected to avail himself thereof, he is not entitled to redress in the equitable forum." 21 Am. Jur. 686.

The order of the probate court overruling appellants' exceptions was a final adjudication of the matter and the chancellor did not err in so holding. *Fidelity & Deposit Company* v. *Fairfield,* 164 Ark. 498, 262 S. W. 322; *McLain* v. *Sprigg,* 174 Ark. 1052, 298 S. W. 870.

The administration of the estate of Elizabeth Seidenstricker is still pending in the probate court of Prairie county, and appellants may require appellee to account in that court for all property of said estate, which came into his hands as administrator and which has not been properly distributed. The order of the probate

court approving a partial distribution of the assets of this estate does not bar the right of appellants to demand and obtain in that tribunal an order directing appellee to account to them for any balance shown to be due to them or either of them in the distribution of the assets of their mother's estate. Since appellants have this legal remedy they may not invoke the extraordinary powers of a court of equity. *Hankins* v. *Layne*, 48 Ark. 544, 3 S. W. 831.

The decree of the lower court is affirmed.