COLLINS v. HAWKINS.

Opinion delivered November 11, 1905.

1. JUDGMENT—FINALITY.—A judgment of the Supreme Court becomes final with the close of the term during which it was rendered, and can not thereafter be modified or enlarged. (Page 102.)

2. MANDAMUS—JUDICIAL DISCRETION.—Where this court reversed a case with direction to the chancery court to enter a decree in favor of plaintiffs for a half interest in certain lands, and plaintiffs subsequently filed an amendment to their complaint, asking that an accounting of timber cut from the land be had, the decision of the propriety of the amendment was within the judicial discretion of the chancellor, and will not be controlled by mandamus. (Page 103.)

Original petition for mandamus; denied.

*Vinson & Wooten, H. E. Cook* and *W. G. Streett,* for petitioners.

1. Petitioners were entitled to have master appointed. As remaindermen they had the right to stop the cutting of timber, and to be compensated for that already cut, before the death of the widow. Competent for chancery court to require an accounting for waste, and avoid a multiplicity of suits. 1 Wash. Real Prop. 161; Story, Eq. Jur. §§ 517-18, 917; Fed. Cas. 68; 5 Johns. Ch. 170-71.

2. It was the duty of the chancellor to make the order. He was without discretion. He had a particular duty to perform, which this court will compel. 25 Ark. 510; 45 Ark. 128; 35 Ark. 298. Mandamus will lie to compel the court to proceed to judgment. 72 Mo. 560; 10 Mo. App. 266; 46 Ala. 348; 27 Pac. 1076; 10 Ill. 266; 83 U. S. 258; 39 Cal. 411; 33 La. Ann. 180; 37 *Ib.* 109; 105 Mich. 653; 14 Nev. 431; 27 Pac. 1075; 19 S. E. 551. It was not in the discretion of the chancellor wholly to ignore the application, without an order overruling it from which an appeal might be taken. 3 Ark. 427; 9 Ark. 240; 12 Wash. 685; 3 Wash. St. 92.

3. Mandamus is petitioners' only adequate remedy. 62 U. S. 445; 160 U. S. 247; 84 U. S. 253; 71 Cal. 586; 1 Blackf. 155.

*F. M. Rogers,* for respondent.

McCULLOCH, J. The petitioners, James E. Collins and others, were appellants in the case of *Collins v. Paepcke-Leicht*

*Lumber Company,* 74 Ark. 81, decided by this court on January 28, 1905, a day of the November term, 1904, and they now present their petition alleging that the Hon. M. L. Hawkins, Chancellor of the Chicot Chancery Court, has refused to enter and carry out the judgment and mandate of this court, and they pray that a peremptory writ of mandamus be issued, compelling him to do so.

The judgment of this court recites the finding that "said chancery court erred in dismissing the plaintiffs' complaint for want of equity, whereas said chancery court should have granted the plaintiffs relief as to an undivided half of the lands in controversy," and the decree was reversed and remanded with directions to the chancery court to "enter a decree for appellants for an undivided half of the lands in controversy, and for further proceedings to be therein had in accordance with the opinion herein delivered." The opinion of the court merely held that appellants were entitled to an undivided half of the lands sued for.

It appears from the petition and response that at the April term, 1905, of the Chicot Chancery Court, the mandate of this court having been filed, the petitioners filed an additional plea by the way of amendment to their complaint, alleging that since the institution of the suit the defendant, Paepcke-Leicht Lumber Company, had cut and removed a large quantity of valuable timber from said land, and they asked that a master be appointed to hear testimony and state an account of the amount and value of timber so cut and removed by defendant. The defendant at the same time filed a motion, asking the court to enter a decree in favor of the petitioners for an undivided half of the lands in accordance with the mandate of this court, and the chancellor thereupon refused to grant the prayer of petitioners for the appointment of a master, but entered a decree in their favor for an undivided half of the land. We are now asked to issue the writ of mandamus, requiring the chancellor to take cognizance of plaintiffs' said amendment to their complaint, and to appoint a master to take an account of the timber cut.

The judgment of this court became final with the close of the term during which it was rendered, and we have no power to modify or enlarge it. It must speak for itself.

An inspection of the record in the case discloses the fact that, while the original complaint alleges that the defendant had cut a large quantity of timber, and the answer denies that allegation, no proof on that issue was taken by either party. Neither the lower court nor this court made any express finding as to timber cut. Whether the final judgment of this court bars the right of the plaintiffs to assert a claim against the defendant for timber cut during the pendency of the suit is a question we need not decide, as it is not properly before us for decision. It is relief which did not fall within the judgment of this court, and we cannot, therefore, compel the chancellor by mandamus to grant it. The relief asked for is not such as was, under the decision of this court, warranted by the proof in the case; and if the plaintiffs be entitled to it at all, the decision of the question by the chancellor is not one that will be controlled by mandamus. The chancellor decided that they were not entitled to the further relief, and refused to grant the prayer of the amended complaint. If he committted an error in that decision, it can only be corrected by appeal. The judicial discretion of inferior courts cannot be controlled by mandamus. Ex parte *Johnson,* 25 Ark. 614; *McMillen* v. *Smith,* 26 Ark. 613; *County Court* v. *Robinson,* 27 Ark. 116; *Hempstead County* v. *Grave,* 44 Ark. 317; *Winter* v. *Simpson,* 42 Ark. 410.

The prayer of the petition is denied.