HOPSON *v.* FRIERSON.

Opinion delivered December 9, 1912.

1. APPEAL AND ERROR—PETITION FOR REHEARING AND MOTION TO DISMISS.—
   When an action is brought to redeem lands from a mortgage sale,
   from the purchaser and mortgagee and his grantee, and the chancery court made a final decree from which the defendants appealed,
   and the Supreme Court reversed the decree with directions to dismiss the complaint as to the subsequent purchaser; and the plaintiff filed a petition to rehear and a special plea to dismiss the
   purchaser's appeal, and the petition for a rehearing was overruled,
   *held,* the overruling of the petition for a rehearing operated as an
   overruling of the motion to dismiss the appeal.   (Page 295.)

2. APPEAL AND ERROR—MANDATE OF SUPREME COURT—FINALITY.—A judgment of the Supreme Court reversing the decree of a chancellor
   and remanding the cause with directions to dismiss the complaint
   as to one of the defendants, settles the rights of the parties as
   completely and finally as if such a decree had been rendered in the
   Supreme Court instead of the case being remanded with directions

to the chancellor, and the judgment can not thereafter be. modified, altered or disregarded by the chancellor. (Page 295.)

3. APPEAL AND ERROR—WAIVER OF RIGHT OF APPEAL DETERMINED BY FINAL ADJUDICATION IN SUPREME COURT.—When a party has waived his right of appeal by reason of something which occurred subsequent to the rendition of the decree, it is appellee's duty to take advantage of it before final judgment in the Supreme Court, otherwise the right to prosecute the appeal is finally adjudicated when the appeal is heard on its merits and when once adjudicated by the Supreme Court it is beyond the power of the lower court to attempt again to adjudicate the question. (Page 295.)

4. MANDATE—DUTY OF LOWER COURT—NEW MATTER.—It is the duty of a chancellor to enter a decree in accordance with the directions of the Supreme Court, but the lower court may inquire into new matter which has never been adjudicated and which does not conflict with the mandate. (Page 296.)

5. APPEAL AND ERROR—MANDAMUS—REMEDY.—When a decree, permitting the redemption of lands sold under mortgage is reversed, and the mortgagor sought to recover taxes paid by him, if the chancellor erred in hearing the matter instead of requiring an independent action to be brought, or in granting the relief prayed, the error must be corrected by appeal and not by mandamus. (Page 296.)

Petition for mandamus to; *Charles D. Frierson,* Chancellor; mandamus awarded.

*Rose, Hemingway, Cantrell & Loughborough,* for petitioners.

The ruling of this court upon the motion to dismiss the appeal was a binding adjudication of that question, and the lower court had no authority except to obey the mandate of this court and to dismiss the complaint as against Hopson.

In the case of *Bolen* v. *Cumbie,* 53 Ark. 516, relied on by respondent, the use of the term "undisputed facts" by the court, has reference to the facts of that particular case only, and neither that opinion nor the cases therein cited would justify the conclusion that it is only where the evidence is undisputed that the court will dismiss an appeal. See syllabus to that case, also 113 U. S. 226.

*G. B. Oliver,* for respondent.

1. The judicial discretion of inferior courts can not be controlled by mandamus. 77 Ark. 101-103.

2. It was within the discretion of the court to permit the supplemental complaint to be filed. *Id.;* 84 Ark. 92; 94 Ark. 183.

3. Even if the failure of this court to dismiss the appeal is *res judicata,* it is matter of defense which must be pleaded in the court below and come before this court on appeal. 77 Ark. 101-103.

This court dismisses appeals only when the matter set up in the motion is uncontroverted. 53 Ark. 515.

4. If the motion to dismiss had been in terms by this court overruled, it would not be *res judicata.* The question before the court was one of procedure rather than one of right, and the only effect of the decision was that the court would not grant a rehearing, set aside its former judgment and dismiss the appeal.

McCulloch, C. J. H. H. Williams instituted an action in the chancery court of Clay County to redeem certain lands from sale under a mortgage. The American Mortgage Company, the mortgagee and purchaser at the sale, and D. Hopson, to whom said purchaser had subsequently sold some of the lands, were made defendants. A final decree was rendered by the chancery court, from which the American Mortgage Company and Hopson appealed to this court, and on final hearing here the decree was reversed with directions "to dismiss the complaint as to the defendant Hopson and to restate the account between the defendant, the mortgage company, and Williams." Williams, the appellee, filed petition for rehearing and also a special plea setting up the fact that Hopson had waived his right of appeal by surrendering the lands subsequent to the decree and allowing said appellee to pay the taxes thereon. The prayers of the two petitions were that the judgment of this court should be vacated and the appeal of Hopson dismissed on account of the alleged waiver. The record of this court shows merely that the petition for rehearing was overruled, but does not show any specific order made by this court on the motion to dismiss the appeal. However, the overruling of the petition for rehearing and allowing

the judgment of this court to stand as final necessarily operated as an overruling of the motion to dismiss the appeal. The mandate of this court was certified down, and when presented to the chancery court Williams tendered a supplemental complaint setting up substantially the same facts as those set forth in the motion to dismiss the appeal. He also alleged that, in addition to the surrender of the lands by Hopson subsequent to the original decree, he (Williams) had paid taxes on the lands. The chancellor overruled petitioner's motion for entry of decree in accordance with the directions of this court, and a petition is filed here for peremptory mandamus to compel the chancellor to enter the decree. The judgment of this court, reversing the decree of the chancellor and remanding the cause with directions to enter decree dismissing the complaint as to Hopson, settled the rights of the parties as completely and finally as if such a decree had been rendered here instead of remanding it with such directions to the chancellor. It could not thereafter be modified, altered or disregarded. *Collins v. Hawkins,* 77 Ark. 101. The judgment of this court necessarily operated as an adjudication of the right of Hopson to prosecute this appeal, and that question can not again be adjudicated, either here or in the court below. The statutes of this State provide that, where an appellant's right of further prosecuting an appeal has ceased, the appellee may move to dismiss the appeal and that an issue may be framed and testimony by affidavit heard as to the ground for dismissal. Kirby's Digest, § 1227. It has been decided by this court that under this statute evidence *de hors* the record may be heard to establish the fact that an appellant has waived his right to prosecute the appeal. *Bolen v. Cumby,* 53 Ark. 514. Therefore, where the appellant has waived his right to appeal, by reason of something which occurred subsequent to the rendition of the decree, it is the duty of the appellee to take advantage of it before final judgment is rendered in this court disposing of the cause; otherwise the right to prosecute the appeal is finally

adjudicated when the appeal is heard on its merits.  The effect of the judgment here was to determine the right of the petitioner to prosecute his appeal and his right on the merits of the case to have a decree dismissing the complaint against him for want of equity.  Consequently it is beyond the power of the lower court to attempt again to adjudicate either of those questions.  It is the duty of the chancellor to enter the decree in accordance with the directions of this court.  However, the right of Williams to reimbursement for taxes paid subsequently to the rendition of the original decree was new matter, which has never been adjudicated, and it will not conflict with the direction of this court to inquire into his right to recover the taxes.  *Collins* v. *Paepcke-Leicht Lumber Co.,* 82 Ark. 1.  If the chancellor erred in allowing him to present his claim for taxes in this action, instead of instituting an independent action for that purpose, or if the chancellor should err finally in granting the relief, those are matters which must be corrected by appeal, and not by mandamus.  *Collins* v. *Hawkins, supra.*  The writ of peremptory mandamus will, therefore, be awarded, requiring the chancellor to enter a decree in accordance with the directions given by this court.