FIDELITY & DEPOSIT COMPANY *v.* FAIRFIELD.

Opinion delivered June 2, 1924.

1. JUDGMENT—RES JUDICATA.—A judgment of the probate court fixing the amount due to an estate by the administrator and ordering it paid over is conclusive upon the administrator and his surety.

2. EXECUTORS AND ADMINISTRATORS—BILL TO SURCHARGE SETTLEMENT—FRAUD.—In a bill to surcharge an administrator's settlement for fraud, neither allegations nor proof that the administrator made payments to creditors of the estate in excess of the *pro rata* to which the creditors were entitled was sufficient to show fraud.

3. EXECUTORS AND ADMINISTRATORS—CONCLUSIVENESS OF SETTLEMENT.—Confirmation of an administrator's final settlement and an order to pay over the amount found due are conclusive, not only upon the administrator and his bondsmen but all others, and in the absence of fraud or mistake which constitutes ground for surcharging the account.

4. APPEAL AND ERROR—WAIVER OF OBJECTION TO FORUM.—Objection to the jurisdiction of equity, not raised in the trial court, will not be considered on appeal.

Appeal from Mississippi Chancery Court, Chickasawba District; *Archer Wheatley,* Chancellor; modified.

*J. T. Coston,* for appellant.

1. Since the widow, the creditors and the administrator in succession had the right to have the errors com-

plained of corrected, first, by filing exceptions to Anthony's settlement, and second, by appeal to the circuit court from the order of the probate court approving such settlement, they had a full, complete and adequate remedy at law, and the chancery court, therefore, was without jurisdiction. 45 Ark. 511, 512; C. & M. Digest, 2258; 36 Ark. 401; C. & M. Dig. § 189; 124 S. W. 1027; 64 Ark. 130; 191 S. W. 222; 173 S. W. 402; 95 Ark. 619; 80 Ark. 145; 116 Ark. 490; 109 Ark. 205.

2. The chancery court has no jurisdiction to impeach the settlement of an administrator after its approval by the probate court, unless it is shown that such approval was procured by deception, imposition or fraud practiced by the administrator upon the probate court, and none is shown here, nor attemped to be shown. 84 S. W. (Ark.) 486; 39 Ark. 257; 34 Ark. 72; 33 Ark. 732; 36 Ark. 395.

3. The payment of claims without an order of the probate court directing such payments is an irregularity, but does not amount to a fraud upon the court. 131 S. W. (Ark.) 951. The order of the probate court approving the unlawful payment of the claims in question, if it was unlawful, is conclusive in this proceeding. 157 S. W. (Ark.) 149.

4. Before the surety can be held liable for the widow's dower, two things must be made to appear: First, that the court ordered the administrator to pay it over her; second, that he disobeyed that order. The first has been shown, but the second has not. 5 Ark. 474; 25 Ark. 47; 215 S. W. (Ark.) 582.

*Little, Buck & Lasley,* for appellees.

1. The testimony shows conclusively that Anthony, at the time he made the deposit of the funds of the estate in the Bank of Blytheville, knew of its failing condition, and was familiar with its condition from that time until it closed its doors, and not only so, but he was also one of the two men responsible for the bank's failure. He and his surety are therefore liable for the amount of

money so deposited. 11 R. C. L. 150; 31 Mo. App. 633; (U. S.) 40 Law ed. 1047; 23 Ky. L. Rep. 2050; 47 N. Y. 101; 12 N. Y. 197.

2. In presenting to the probate court, and securing approval of his settlement wherein he had taken credit for the disputed claims, without having filed a list of the demands against the estate, and thereby informing the court of the insolvent condition of the estate, the administrator perpetrated a fraud upon the court; and the payment of the challenged claims in full, or any part thereof, when the estate was insolvent, constituted constructive fraud, and was a wanton waste of the assets of the estate, against which equity will give relief. 24 Corp. Juris, 118; 23 Corp. Juris 119; 32 Miss. 309; 33 S. E. 568; 42 Ark. 186; 33 Ark. 575; 53 Ark. 545; 48 Ark. 387; 53 Ark. 224.

3. Anthony's settlement and the order of approval *prima facie* fixed his liability to the administrator in succession. If he had paid any part of the sum shown by his settlement to be due that was a matter of defense which should have been shown by the appellant. 63 Ark. 145; 44 Ark. 509; 80 Ark. 309; 123 Ar. 507; 69 Ark. 419.

McCULLOCH, C. J. This is an action against W. A. Anthony, who was formerly administrator of the estate of D. P. Beard, deceased, and appellant Fidelity & Deposit Company, the surety on his bond, to recover funds which came into his hands as such administrator, and which he had failed to pay over in accordance with the orders of the probate court. The action was instituted by the appellees, Fairfield, as administrator in succession of the Beard estate, and Mrs. Virgie Beard, the widow of said decedent.

Beard died in the year 1918, and, as before stated, Anthony became administrator of the estate, and appellant Fidelity & Deposit Company executed his bond as surety. Property of the estate of the aggregate value of $74,184.87 came into the hands of the administrator, according to his own settlement account filed in the pro-

bate court, of which there was $40,000 in cash collected on an insurance policy payable to the decedent. The cash was collected by the administrator, and deposited in the Bank of Blytheville, a banking institution with which Anthony was officially connected, and which later became insolvent.

During the year 1918 the probate court made an order assigning the widow's dower in personalty, and directed the administrator to pay over to her the sum of $13,478.09 as her dower in the funds of the estate, and also certain other items of personal property. After the Bank of Blytheville became insolvent, it was taken over by the State Banking Department, and a dividend was declared for distribution to creditors. The amount of this dividend on the deposit of Anthony, as administrator, was $8,-452.08, which was paid over to the widow, leaving a balance of $5,026.01, the balance due on her dower in the cash assets of the estate. Anthony resigned as administrator, and filed his settlement account showing a balance of funds in his hands belonging to the estate in the sum of $19,926.66. There were no exceptions to this settlement, and the court approved it and ordered Anthony to pay the sum found to be in his hands over to his successor. Appellant A. B. Fairfield was appointed administrator in succession, and, as before stated, he and the widow instituted this action to recover not only the amount found due on settlement, but to recover additional sums alleged to have been wrongfully taken credit for by Anthony in his settlement account. In other words, the suit was in part to surcharge his account for alleged fraud in making excessive payments to creditors of the estate, and in taking credit for same in the settlement account. It is charged in the complaint, in general terms, that the payments were fraudulently made, but no facts or circumstances are either alleged or proved which constitute fraud in fact.

The court, on final hearing, found that there was due from Anthony the sum of $12,155.26 after crediting the amount of dividend paid by the bank on the sum shown

in Anthony's final settlement, and rendered a decree against him and the surety on his bond for this amount, and also for the sum of $8,417.18, which Anthony had paid, according to his settlement, to certain creditors in excess of the amount due on those claims.

The court was correct in its decree for the recovery of the balance due ($12,155.26) and in the hands of the administrator, and which the court ordered paid over to his successor. Anthony and his surety are, according to the undisputed evidence, liable for this amount, for the order of the probate court fixing the amount and ordering it paid over is conclusive upon the administrator and his surety. *Fogg* v. *Arnold,* 163 Ark. 461.

The court erred, however, in surcharging Anthony's settlement account and in charging him and his surety with the sums paid to creditors in excess of their respective *pro rata.* Neither the allegations nor the proof were sufficient to show fraud or mistake which would justify a court of equity in surcharging the account. It is undisputed that the claims of creditors were valid liabilities of the estate. There is not shown any collusion between the administrator and any of those creditors, or any actual fraud in making the payments. All that appellees allege in the complaint is that payments were made in excess of the *pro rata* to which each of the claimants was entitled. This is not sufficient to show fraud. *McLeod* v. *Griffis,* 45 Ark. 505. The confirmed settlement account of Anthony and the order to pay over are conclusive, not only upon the administrator and his bondsman, but upon all others interested in the estate, in the absence of fraud or mistake which constitutes ground for surcharging the account. *Rhodes* v. *Driver,* 108 Ark. 80.

The judgment of the probate court, like any other judgment, is conclusive unless fraud be shown in its procurement. *James* v. *Gibson,* 73 Ark. 440.

Counsel for appellant contend here that appellees had an adequate remedy at law for recovery of the amount due by Anthony and his surety under the order of the probate court, and that the chancery court was

without jurisdiction to entertain the cause of action. There was no question raised below as to the right of appellees to sue in equity, and it is too late now to raise the question here.

There can be no dispute as to the liability of appellant for the balance of the amount ordered paid over by the probate court, and the decree for the recovery of that amount will be affirmed. The decree is therefore modified by reducing the recovery to the sum of $12,155.26, and, as thus modified, it is affirmed.