FIDELITY & DEPOSIT COMPANY *v.* FAIRFIELD.

Opinion delivered November 30, 1925.

APPEAL AND ERROR—FORMER DECISION AS LAW OF CASE.—Where, on a former appeal in a chancery case, the Supreme Court affirmed a decree of the court below that a sum found due to an estate by the administrator should bear interest from the date of the decree, instead of from the date of the judgment of the probate court, such ruling became final after the lapse of the term, and, though erroneous, could not be amended, either in the chancery court or in the Supreme Court on a second appeal.

Appeal from Mississippi Chancery Court, Chickasawba District; *J. M. Futrell,* Chancellor; reversed.

*J. T. Coston,* for appellant.

*Little, Buck & Lasley,* for appellee.

SMITH, J.  A suit was brought in the chancery court to surcharge and falsify the settlement account of W. A. Anthony, as administrator of the estate of D. P. Beard.  The suit was brought by Fairfield, the administrator in succession, Anthony having resigned, and the chancery court found that credits aggregating $8,417.18 had been erroneously allowed Anthony on the approval of his settlement by the probate court.  An appeal was prosecuted to this court, and we held that the chancery court was in error in refusing to allow the credit of $8,417.18, but in all other respects the decree was affirmed. *Fidelity & Deposit Co.* v. *Fairfield,* 164 Ark. 498.

After the affirmance of this decree Fairfield, as administrator, filed a petition in the chancery court to modify the original decree of that court—the decree from which the appeal to this court had been prosecuted. It was insisted in that proceeding that the decree of the chancery court erroneously recited that the sum found due by the administrator should bear interest "from this date," that is, the date of the rendition of the decree in the chancery court, whereas the court had, in fact, decreed that the sum found due by Anthony should bear interest from the date of the judgment of the probate court finding and declaring the sum due by Anthony and directing its payment to Fairfield as his successor.

The chancellor found that petitioner was entitled to the relief prayed and directed that an order should be entered *nunc pro tunc* correcting the decree of the chancery court by allowing interest from the date of the probate judgment. The surety on Anthony's bond as administrator has appealed from that order.

It is insisted that the testimony did not warrant the finding of the court below, and that nothing more was shown than that the chancery court had erroneously fixed the date from which interest should be calculated.

We do not set out the testimony on which the finding was made, as we regard it as unimportant. The fact is that the decree appealed from to this court directed that the interest should be calculated from the *date of that decree,* and this decree, although it may have been erroneous in the respect indicated, was affirmed by us after modifying it by directing that the administrator have credit for the disputed claims against the estate which he had paid.

The decree of this court pronounced pursuant to our opinion on the former appeal superseded alike the judgment of the probate court and the decree of the chancery court. We adjudged the rights and liabilities of the parties litigant, and the decree of this court was that the decree of the chancery court be modified and affirmed,

and our modification did not affect the time from which the interest should be calculated.

Our attention was not called to the fact that the decree appealed from erroneously directed that interest be calculated from the date of that decree, instead of the date of the probate judgment directing Anthony to pay over the funds in his hands to his successor, and, without having our attention called to this error, which could have been corrected by us, we affirmed the decree, in so far as it fixed the point of time from which the interest was to be calculated. The decree of this court on the former appeal is conclusive of the question. The effect of the *nunc pro tunc* order here appealed from is to amend, not only the first decree appealed from, but also the decree of this court on the appeal. The chancery court was without jurisdiction to do this.

It follows therefore that the decree of the chancery court amending the original decree by a *nunc pro tunc* order is erroneous, and it is therefore reversed, and will be set aside and canceled, and the interest will therefore be calculated from the date of the decree appealed from.

SMITH, J., (on rehearing). In the brief of counsel for appellee in support of the petition for rehearing·it is insisted that we erred in holding that the error complained of was one that could have been corrected on the first appeal, and in support of this contention the case of *Foohs* v. *Bilby*, 95 Ark. 302, is cited.

We do not concur in the view of counsel that the case cited has any application here. The Foohs case was a law case; the instant case is one in equity. Upon appeal from the circuit court we do not try the case *de novo*. We only review the errors assigned. In chancery appeals we do try the cause *de novo*, and, having done so, we enter here the decree which, in our opinion, should have been rendered by the court below; or, in certain cases, we remand the cause with directions to the court below as to the decree to enter. In certain exceptional cases per-

mission is granted to take additional testimony in the court below. But whatever the order of this court may be in a chancery appeal, the finding of this court is based upon a trial *de novo* here.

In the first appeal, reported in 164 Ark. 498, the entire case was before us, and, after a trial *de novo,* we entered the decree which, in our opinion, should have been rendered in the court below. We held that the administrator had been erroneously denied certain credits which should have been allowed him, and we modified the decree by allowing these credits, but in all other respects the decree was affirmed. One of the questions necessarily involved on the appeal was the date from which the interest should have been calculated. The chancery court had adjudged that interest should be calculated from the date of the decree in that court; at least the decree so recited. The insistence now is that this was not in fact the decree of the chancery court, and that that court has the right to correct the decree to conform to the adjudication which was in fact made.

But, as we have said, the whole case was before us for a trial *de novo,* and the date from which interest should be calculated was a question necessarily involved in the appeal. We affirmed a decree which recited that the interest should be calculated, not from the date of the approval of the administrator's settlement in the probate court, but from the date of the decree of the chancery court from which the appeal was prosecuted. It is now insisted that it appears, from the testimony taken on the motion in the court below to correct this decree, that interest should properly have been computed from the date of the administrator's settlement when he was ordered to pay over the funds in his hands to his successor. It was within our jurisdiction to so decree, and we might have done so, had the matter been called to our attention, but it was not, and the effect of our decree was to affirm that part of the decree appealed from which fixed the date of the decree as the period from which interest should be calculated.

The decree of this court on the first appeal has become final, and it is now beyond the power either of this court or the chancery court to correct it. We adjudicated this question on a trial *de novo,* and this adjudication, even though erroneous, is final, and the motion for rehearing will therefore be overruled.