AMERICAN COMPANY OF ARKANSAS *v.* WHEELER.

Opinion delivered March 30, 1931.

*H. G. Wade,* for appellant.

*McMillen & Scott,* for appellee.

PER CURIAM. City of New York Insurance Company and Rhode Island Insurance Company have filed a petition in this court against the American Company of Arkansas requiring it to appear and show cause why it

should not be punished for contempt of court in causing executions to issue upon certain garnishment judgments of the Ouachita Circuit Court against said insurance companies.

The facts upon which the petition is based may be briefly stated as follows: On June 14, 1929, City of New York Insurance Company and Rhode Island Insurance Company filed a bill of interpleader in the Ouachita Chancery Court and deposited the sum of $618.75 in the registry of the court to be distributed to the American Company of Arkansas and other defendants who might be entitled to receive the same on certain insurance policies. They also asked that the defendants in the equity suit be restrained from proceeding any further on certain garnishments in the Ouachita Circuit Court. In the chancery court it was adjudged that the American Company of Arkansas have and recover of the Rhode Island Insurance Company the sum of $618.75 and against the City of New York Insurance Company the sum of $79.40. The decree further recited that the Rhode Island Insurance Company, as garnishee, was indebted to W. F. Conine in the sum of $618.25, and that the garnishee, City of New York Insurance Company, was indebted to him in the same amount. Upon appeal to this court, which is reported under the style of *American Company of Arkansas* v. *Wheeler*, 181 Ark. 444, 26 S. W. (2d) 115, it was held that the decree should be reversed and the cause remanded with directions to the chancery court to order the amount of its judgment and interests paid out of the funds deposited in the registry of the court by the insurance companies. Because no appeal has been prosecuted by any of the defendants except appellant, it was held that the decree in other respects should be affirmed. In other words, the court said that the remainder of the fund deposited in the registry of the court, after satisfying the claim of appellant, should be disbursed by the chancery court in accordance with its former decree. A mandate

was duly issued by the clerk of this court. It is the duty of a chancellor to enter a decree in accordance with the directions of the Supreme Court, but the lower court may inquire into new matter which has never been adjudicated and which does not conflict with the mandate. *Hopson* v. *Frierson,* 106 Ark. 292, 152 S. W. 1008. The decision of the Supreme Court became the law of the case, and decided all of the issues presented. The directions of the court were specific, and its holding was to the effect that the petitioners herein were only liable to the American Company of Arkansas for the fund deposited in the registry of the court. Hence it could no longer issue any executions on the judgments against the petitioners herein in the garnishment proceedings in the circuit court. In short, the court held that the American Company of Arkansas should be paid out of the proceeds deposited in the registry of the chancery court by the petitioners herein, and this was, in effect, to hold that the payment out of that fund satisfied the judgments obtained in the circuit court on the garnishment proceedings. As we have already seen, our holding on that appeal became the law of the case, and the issue could no longer be litigated by the parties.

The petition for citation for contempt, however, will be denied because the court has no jurisdiction. The remand of the case by this court and the filing of the mandate with the clerk of the lower court within the time prescribed by statute gave the lower court jurisdiction of the case again, and this court no longer has jurisdiction. *Bowman* v. *State,* 93 Ark. 168, 129 S. W. 80, and cases cited; and *Bertig Bros.* v. *Independent Gin Co.,* 147 Ark. 581, 228 S. W. 392. It follows that the petition for citation for contempt must be denied because this court has no longer any jurisdiction in the case.