CITY OF NEW YORK INSURANCE COMPANY *v.* AMERICAN COMPANY OF ARKANSAS.

Opinion delivered October 19, 1931.

*Verne McMillen,* for appellant.

*H. G. Wade,* for appellee.

KIRBY, J. This appeal is prosecuted from a decree denying appellants the right to a citation against appellee for contempt for violation of the decree of the chancery court in attempting to issue an execution for collecting a circuit court judgment contrary to the provisions of said decree.

This is the third appeal of the case, a statement of which appears in the opinions in *American Co. of Ark.* v. *Wheeler,* 181 Ark. 444, 26 S. W. (2d) 115, and *American Co. of Ark.* v. *Wheeler,* 183 Ark. 550.

In reversing and remanding the cause on the first appeal, this court said: ''The result of our views is, in so far as appellant is concerned, that the decree must be reversed and the cause remanded with directions to the chancery court to order the amount of its judgment and

interest paid out of the funds deposited in the registry of the court by the insurance companies." 181 Ark. 450.

The mandate recites: "* * * that this cause be remanded to said chancery court with directions to order the amount of the judgment of the appellant against Conine and interest thereon paid out of the funds deposited in the registry of the court by the insurance companies aforesaid, and to distribute the remainder of such fund in accordance with its former decree."

On the second appeal relative to the mandate issued by the clerk, the court said: "It is the duty of a chancellor to enter a decree in accordance with the directions of the Supreme Court, but the lower court may inquire into new matter which has never been adjudicated which does not conflict with the mandate. *Hopson* v. *Frierson,* 106 Ark. 292, 152 S. W. 1008. The decision of the Supreme Court became the law of the case, and decided all of the issues presented. The directions of the court were specific, and its holding was to the effect that the petitioners herein were only liable to the American Company of Arkansas for the fund deposited in the registry of the court. Hence it could no longer issue any executions on the judgments against the petitioners herein in the garnishment proceedings in the circuit court. In short, the court held that the American Company of Arkansas should be paid out of the proceeds deposited in the registry of the chancery court by the petitioners herein, and this was in effect to hold that the payment out of that fund satisfied the judgments obtained in the circuit court on the garnishment proceedings. As we have already seen, our holdings on that appeal became the law of the case, and the issue could not longer be litigated by the parties."

These decisions became the law of the case, and the chancery court was without jurisdiction to restore the American Company to all its rights of said circuit court judgment as adjudged by the circuit court, and to decree that said company had not been divested of any right acquired under its judgment in the circuit court proceed-

ing, contrary to the direction of the Supreme Court. *Fidelity & Deposit Co.* v. *Fairfield,* 169 Ark. 997, 278 S. W. 658; *Henry* v. *Irby,* 175 Ark. 614, 1 S. W. (2d) 49.

The American Company could not issue any executions out of the circuit court on its judgment on garnishment against the appellee company, which had paid the proceeds from the insurance into the registry of the chancery court, this court having held that it should be paid out of the proceeds deposited in the registry of the chancery court, in effect ''that the payment out of that fund satisfied the judgments obtained in the circuit court on the garnishment proceedings.''

The fact that such fund was dissipated before appellee, the American Company, was paid the amount of its judgment, if such is a fact, could not restore its right to proceed to its collection under an execution issued upon the circuit court judgment, as the chancery court erroneously held it might do.

The decree is reversed, and the cause remanded with directions to issue the citations, and for any further necessary proceedings not inconsistent with the principals of equity and this opinion.