TARLETON DRAINAGE DISTRICT No. 15 *v.* AMERICAN INVESTMENT COMPANY.

4-2676

Opinion delivered June 20, 1932.

*Ingram & Moher,* for appellant.

*G. W. Botts,* for appellee.

BUTLER, J. In 1917 the appellant district was organized under the provisions of § 3607 *et seq.* of Crawford & Moses' Digest for the purpose of constructing a drain in the Southern District of Arkansas County. After the original district was organized, the assessment of benefits levied and bonds sold, the commissioners discovered that other lands would be benefited by the making of the improvement, and, under the provisions of § 3614 of the Digest, caused the benefits accruing to said lands to be assessed reporting the same to the court with a description of the lands and praying that the assessments be confirmed and the district extended so as to include the lands described.

The county court caused the notice required by said section to be published, but, on account of typographical errors in the notice furnished the printer, one tract of land was entirely omitted, and section 33, which was intended to be included, was described as section 3. The lands sought to be included and correctly described in the report of the commissioners filed with the court, were the west one-half of section 26, west one-half of southeast section 26, east one-half of section 27, all of section 33, northeast one-fourth of section 34, township 3, range 2 west, while the notice as shown by the proof of publication omitted the west one-half of section 26, and, instead of describing the whole section as section 33, described it as section 3. These errors appear not to have been noticed, for when the matter came on for hearing before the court the prayer of the petition was granted, the assessments confirmed and the boundaries of the district extended as

prayed for in the report and the assessments extended against the lands therein described.

This order was made at the October term, 1919, of the county court. Afterward, on a petition filed by the commissioners, additional bonds of the said district were authorized in the sum of $3,000, and the revenues of the district as extended were pledged therefor. The annual installments of the assessment of benefits were extended on the tax books against the lands above described for the years 1919 to 1922, both inclusive, and paid by the landowners without protest. Inadvertently the clerk of the court omitted to extend the annual installments of the assessed benefits on the tax books for the years 1923 to 1927, both inclusive. The original commissioners had moved away or died, and it became necessary to appoint a new board in the latter part of 1927. This board caused an audit to be made, and the omission above mentioned was discovered. By appropriate proceeding the delinquent assessments were extended on the tax books, and, not having been paid, this suit was brought to recover the taxes delinquent.

It was the contention of the appellees (landowners) in the court below that:

(a) The notice published in an annexation proceeding which left out one tract and misdescribed another was jurisdictional and fatal to all subsequent proceedings.

(b) That appellant's right to subject the lands to the payment of said assessments was barred by the three year statute of limitation.

(c) That the failure of appellant to attach a certified list of the lands to its complaint was jurisdictional, and the court had no jurisdiction to hear and determine this cause.

The appellant contended in the court below and also in this court that the landowners were estopped from setting up the defense interposed in this suit because of their acquiescence in the order of the court extending the district and approving the assessments by having

paid the installment of benefits for four years without protest.

The commissioners reported, and the court found, in 1919 that the contemplated improvement would benefit the lands of the appellees to the extent of the benefits assessed, and on a hearing of this case the preponderance of the evidence established the fact that these lands, because of their slashy and low and flat character, were valueless before the improvement was made, and that the drain constructed has made the lands fit for tillage. When the order was made including the lands of appellees in the district, the drain was extended so as to practically parallel the northeast quarter of section 34 and touch the south boundary of the west one-half of section 26, and a lateral drain was made to approximately the center of section 33. This appears from a plat filed and introduced in evidence.

By reason of the annual installments extended against the lands of appellees for the years 1919 and 1920 as early as January, 1920, they had knowledge that the drains were being constructed so as to drain their property. An additional bond issue of $3,000 necessitated by the extension of the district was issued and sold, which became a burden not only upon the lands of the appellees, but upon all the lands of the district. It is clear therefore that they acquiesced in the action of the commissioners and accepted the benefits to their lands without protest.

As early as the case of *Rector* v. *Board of Improvement,* 50 Ark. 116, 6 S. W. 519, it was decided that property owners might estop themselves from questioning the validity of the organization of an improvement district by remaining silent while the improvements are being made when they had an opportunity to speak. In that case, the court said: "The assessment being made for the special benefit and improvement of his and the other real property in the district, he cannot stand by and receive the benefit of the improvement in the enhanced value of his property, and refuse to pay his proportion

of the assessment, on the faith of which it was made. Under such circumstances it would be his duty to speak and assert his rights, and, failing to do so, he would thereby waive them. Having failed to speak when, in the exercise of good faith, he ought to have done so, he will not be permitted to do so, when, in the exercise of the same good faith, he ought to remain silent.''

In *Harnwell* v. *White*, 115 Ark. 99, 171 S. W. 108, the court in effect held that mere silence of the property owner with respect to illegality of an improvement district would not estop him from subsequently questioning its validity; but, where he does some affirmative act which induces persons to spend money or surrender substantial rights on the faith of such conduct, there is no reason for not applying the doctrine of estoppel to his conduct.

In *Brownfield* v. *Bookout*, 147 Ark. 555, 228 S. W. 51, it was held that where a person with actual or constructive knowledge of the facts by his words or conduct induces another to believe that he acquiesces in a transaction or that he will offer no opposition thereto, and the other, in reliance on said belief, alters his position, the former is estopped from repudiating the transaction.

The facts of this case bring it within the principle announced in the cases above cited. Here the appellees, because of the assessments made in 1920, had actual knowledge that their lands had been included in the district. They paid these assessments without protest when, if they desired to object, it was their duty to make such objection known and not to acquiesce by the payment of the annual assessments while the drains were being extended to their benefit, and when an additional indebtedness was incurred which would work an increased burden on the remaining landowners of the district, if, after the improvement was made, the appellees might repudiate the extension of the district, having recognized its validity and permitted the work to progress to completion without demur.

We are therefore of the opinion that the contention of the appellant is well taken. This makes it unnecessary to discuss the first question raised by appellee, and we consider only questions (b) and (c).

(b) It was the duty of the commissioners to see that the clerk extended the annual installments of the assessed benefits on the tax books. The lien for the assessments attached in 1919, when the order of the court was made approving the benefits to the lands as assessed by the commissioners, and the installment for any one year was due and payable within the period of time in that year in which the general tax for the preceding year would have been payable. Section 3618, Crawford & Moses' Digest. The annual assessment payable in 1923 therefore would be due and payable within the period from the first Monday in January to and including the 10th day of April, 1923, and became delinquent after said last mentioned date and thus for each of the years succeeding. As no suit for the collection of delinquent taxes shall be brought after three years from the date the same became delinquent (Act 506, 1923, § 2), it follows that the instant suit is barred against all of the taxes which became delinquent three years before the suit was instituted, and appellees' claim in this particular should be sustained. In this connection we do not agree with the contention of the appellant that the installment for any one year was not due and payable until the year following, but think the language of the act makes it clear that the installment for any one year is payable in that year within the regular tax paying time and not in the following year. *Tallman* v. *Board, etc.,* 185 Ark. 851, 49 S. W. (2d) 1039.

There is no merit in the contention made by the appellant that the question of limitation was not raised in the court below. The complaint as amended showed on its face that the assessments due for the years 1923-4-5-6 were delinquent for more than three years before the filing of the complaint and barred. Therefore the question of limitation could be raised by demurrer. This

was done, and the decree recites that the cause was submitted upon the pleadings and testimony and that the demurrer was overruled.

(c) We also find no merit in the contention of the appellees that the complaint in the instant case was insufficient in that it failed to have attached to it a certified list of the lands delinquent. The record shows there was such a list attached to the amended complaint to which answers were made by appellees. See also *Moore* v. *Long Prairie Levee Dist.*, 153 Ark. 85, 239 S. W. 380.

It follows from the views expressed that the decree of the trial court must be reversed, and the cause remanded for further proceedings in accordance with the principles of equity and with this opinion.