## TARLETON DRAINAGE DISTRICT No. 15 v. AMERICAN INVESTMENT COMPANY.

### 4-2987

Opinion delivered May 8, 1933.

*Ingram & Moher,* for appellant.

*G. W. Botts,* for appellee.

MEHAFFY, J. This is the second appeal in this case. The opinion on the first appeal is reported in 186 Ark. 20, 52 S. W. (2d) 738. The facts are stated in that opinion, and it is unnecessary to restate them here.

The suit, as originally brought, was for tax, penalty and interest. The answer filed denied the material allegations in the complaint, denied that the lands were included in the drainage district, and denied that there were any assessments or taxes due on the lands.

The chancery court held that no proper notice was given, and that the county court had no jurisdiction to annex the lands, and dismissed the complaint of the drainage district for want of equity. The drainage district appealed to this court, where the decree of the chancery court was reversed, and the cause remanded for further proceedings.

At the trial in chancery court after the cause was remanded, a decree was entered declaring a lien on the lands for the delinquent assessments and costs, providing for a sale of the lands if assessments and costs were not paid, and giving a judgment for attorney's fees, but not allowing any penalty or interest. This appeal is prosecuted to reverse the decree finding against appellant as to penalty and interest.

Section 3631 of Crawford & Moses' Digest provides for the payment of taxes in drainage districts, and further provides that, if the taxes are not paid at maturity, the collector shall report such delinquencies to the commissioners of said district, who shall add to the amount of the tax a penalty of 25 per cent., and shall enforce the collection by chancery proceedings in a court of the county in which the lands are situated having chancery jurisdiction, and said court shall have judgment against said lands for such taxes, said penalty of 25 per cent. and interest on the same.

The judgment of this court on former appeal is the law of the case and is conclusive of every question decided on the former appeal. *Shackleford* v. *Ark. Baptist College,* 183 Ark. 404, 36 S. W. (2d) 78; *American Co. of Arkansas* v. *Wheeler,* 183 Ark. 550, 36 S. W. (2d) 965; *City of N. Y. Ins. Co.* v. *American Co. of Ark.,* 184 Ark. 426, 42 S. W. (2d) 757; *Childs* v. *Motor Wheel Corp.,* 164 Ark. 149, 261 S. W. 28; *Jeffett* v. *Cook,* 175 Ark. 369, 299 S. W. 389.

The complaint in the original case was for taxes, penalty, attorney's fees and interest. The main contentions of the appellee in the court below on the first trial were that the lands in controversy were not included in the district, and that the law was not complied with in extending the district so as to embrace these lands. If

the lands were not within the district, of course there would be no taxes, penalty, attorney's fees, nor interest. On the other hand, if the lands are properly within the district, then it follows of course that the taxes, penalty, attorney's fees and interest are due.

This court reversed the case and remanded it for further proceedings in accordance with the principles of equity and with the opinion. That necessarily meant that the lower court should enter a decree for the taxes, penalty, attorney's fees and interest.

When this case was here on former appeal, it was reversed and remanded as we have said, and that meant that the decree as a whole was reversed. "We were speaking of the decree as a whole, and not that part only which referred to the finding of the trial court with reference to the Standard Shingle Company. The trial court found that the complaint of Gross and Shields should be dismissed for want of equity. That part of the decree was reversed as well as that part relating to the Shingle Company. For, as we have stated, the decree was reversed as a whole and not in part. If it had been the purpose of this court to reverse the decree in part and affirm in part, we would have expressly so declared and indicated that part which was affirmed, and that part reversed, and given directions accordingly. By declaring that the decree is therefore reversed, and directing the trial court to render a decree in accordance with this opinion, we intended, and the language necessarily means, that the trial court should understand that its entire decree was erroneous, and that a decree should be entered by it accordingly, in effect changing and reversing its former decree *in toto.*" *Berry* v. *Gross,* 172 Ark. 1084, 291 S. W. 801.

In the instant case the decree was reversed, and the cause remanded with directions to enter a decree in accordance with the opinion of this court. That necessarily means a finding that the lands are within the district, and that the taxes, penalty, attorney's fees and interest are due.

The appellee prosecutes a cross-appeal to reverse that portion of the decree allowing attorney's fees.

Section 2 of act 506 of the Special Acts of 1923 reads as follows: "The attorney filing or bringing said suit shall receive a fee not exceeding 10 per cent. of the first $500 of taxes collected by such proceedings, and 5 per cent. on all additional sums up to $5,000 and 3 per cent. on all other sums so collected and that same be taxed as costs and apportioned against the several tracts in proportion to tax thereon. No suit for the collection of such delinquent taxes shall be brought after three years from date same became delinquent."

It follows from what we have said that the decree must be affirmed on cross-appeal, and reversed on appeal with directions to enter a decree in accordance with this opinion.