POPE *v.* SHANNON ·BROTHERS, INC.

4-4972

Opinion delivered March 7, 1938.

*Trieber & Pope,* for appellants.

*Canada & Russell* and *Shafer & Gathings,* for appellee.

McHANEY, J. Other phases of this case have been before this court in two other cases, *Pope* v. *Shannon Brothers,* 190 Ark. 441, 79 S. W. 2d 278, and *McBride* v. *Shannon Brothers, Inc.,* 193 Ark. 730, 102 S. W. 2d 535. The mandate from this court in the McBride case was filed in the lower court on April 1, 1937, the March term of said court beginning on March 15, 1937. On April 7, appellee filed a supplemental petition setting out the amount of taxes and assessments it had paid out on the lands covered by the mortgage sued on and foreclosed in the prior actions, and setting up the amount of rents it had received and asked that the difference between said amounts, together with interest thereon and costs, be decreed a lien upon the lands described in the original complaint, and that said lien be foreclosed and said lands ordered sold in satisfaction thereof. On the same day, appellee caused a notice to be served upon counsel for appellants that the mandate of this court had been filed in the Crittenden chancery court on April 1, 1937, and that they had filed their petition for a renewal of the original plea of sale with the addition of assessments and taxes paid by them to protect their interest in said property, less the rents collected by them, and that the court had set the case down for hearing on Thursday, June 10, 1937, an adjourned day of the March term of court. On the latter date, appellants not appearing in response to said notice, the court entered a decree in accordance with the prayer of appellee's motion. It is from this decree that this appeal is prosecuted.

For a reversal, appellants make three contentions: first, that the decree shows on its face that it was rendered without notice; second, that it is void because of the uncertainty of the description of the lands involved; and, third, that the court was without authority to hear the cause at the March term.

As to the first contention, we think it is without merit because counsel for appellants was served with a notice that the mandate had been filed and that the court had set the cause for hearing on June 10, 1937, at a time more than sixty days after service of the notice, and there was no necessity for a new summons or a warning order for

nonresident defendants as they were already in court. It has frequently been held that a remand of the cause by this court and the filing of the mandate with the clerk of the lower court within the time prescribed by the statute, gave the lower court jurisdiction. *Hollingsworth* v. *McAndrew*, 79 Ark. 185, 95 S. W. 485; *American Co. of Arkansas* v. *Wheeler*, 183 Ark. 550, 36 S. W. 2d 965. In the latter case it was held: "It is the duty of a chancellor to enter a decree in accordance with the directions of the Supreme Court, but the lower court may inquire into new matter which has never been adjudicated and which does not conflict with the mandate. *Hopson* v. *Frierson*, 106 Ark. 292, 152 S. W. 1008."

As to the second point, it is insisted that the failure of the decree to describe the lands as being situated in Crittenden county, Arkansas, renders it uncertain as to the location of said lands and, therefore, void. It is admitted that it is otherwise correctly described in the decree and that it is all in township 6 north and in range 8 east. Appellants are in error in this contention. It is well settled that this court will take judicial knowledge that lands described as being in a certain section, township and range, lie in a certain county, for instance, that lands lying in sections 2, 10 and 11, township 6 north, range 8 east, lie in Crittenden county, Arkansas. In *Lindsey* v. *Bloodworth*, 97 Ark. 541, 134 S. W. 959, this court said: "The court will take cognizance that there are two judicial districts in Clay county, created by act of the legislature, and will also take notice of sections, townships and ranges according to surveys of the United States government, and of the particular judicial district in which these are located." The same principle was decided in the most recent case of *Kunze* v. *Blackwood, ante* p. 658, 113 S. W. 2d 705. Moreover, the original complaint and other papers in the case, as well as the tax receipts filed in this proceeding, show that the land described in the decree appealed from, is located in Crittenden county, Arkansas, and that neither appellants nor anyone else, could be misled by the description in this decree.

It is finally insisted that the cause could not stand for trial at the March term of court and appellant relies on the provisions of § 1495 of Pope's Digest which reads as follows: ''When a cause shall have been reversed and remanded by the Supreme Court for further proceedings, it may be continued at the first term, unless the mandate shall have been filed with the clerk of the court below and reasonable notice given to the adverse party, or his attorney of record, before the commencement of the term, in which case it shall stand for trial, unless good cause for a continuance be shown.''

As will be noticed, this section provides that ''it may be continued at the first term,'' not that it shall be continued. Appellants did not appear and ask for a continuance nor did they make any complaint about the reasonableness of the notice given to them. They are not now in any position to complain about the action of the court in the premises.

No error appearing, the decree is accordingly affirmed.

BAKER, J., disqualified and not participating.