LINGO, GUARDIAN, *v.* RAINWATER.

4-5726                                      136 S. W. 2d 161

Opinion delivered January 8, 1940.

*W. P. Smith* and *H. W. Judkins,* for appellant.

*Cunningham & Cunningham* and *Ponder & Ponder,* for appellee.

GRIFFIN SMITH, C. J. R. O. Rainwater was appointed ". . . guardian of Charles W. Jackman, an incompetent." Bond was executed by Western Casualty & Surety Company.

This appeal is from action of the chancery court in declining to set aside an order of the probate court allowing Rainwater credit for $5,616.31 of the ward's funds he had deposited in Twin City Bank of Walnut Ridge. The bank failed January 18, 1933. No dividends were paid. Rainwater resigned his bank position January 17, 1933.

Two errors are alleged: (1) That the appointment of Rainwater as guardian was void, and (2) that his act in taking credit for the lost fund was a fraud upon the court.

A vacation order of appointment was made February 20, 1932. The judgment recites that Jackman was a patient of Arkansas Hospital for Nervous Diseases, and that he was incompetent. February 22, 1932, in term, an order was made confirming the appointment.[1]

The money received by Rainwater was originally paid under authority of the World War Veterans' Act of 1924.[2] The Arkansas general assembly of 1929 en-

---

[1] The order of February 22 was: "In the Matter of the Estate of Chas. W. Jackman, Incompetent. Now on this day is presented to [the court] the matter of R. O. Rainwater having been appointed guardian of Chas. W. Jackman and his bond approved as such guardian on February 20, 1932, in vacation, which proceeding is by the court examined and in all things approved."

[2] United States Code Annotated, Title 38, § 421.

acted a measure "Concerning the guardianship of incompetent veterans and of minor children of disabled or diseased veterans, and the commitment of veterans, and to make uniform the law with reference thereto." It appears as act 36, approved February 21, 1929.

When Rainwater's report was filed and credit was asked for the lost money, an attorney contested on behalf of the Veterans' Administration. Appeal was taken to circuit court. The probate judgment was upheld in a finding that the guardian had used due diligence and had acted in good faith in handling his ward's funds. An appeal was granted to the Supreme Court, but was not perfected.

*First.* When on February 22 the probate court approved appointment of Rainwater it adopted the order previously made. In effect the later order included the former, the recitation being that ". . . the matter of R. O. Rainwater having been appointed guardian of Chas. W. Jackman" is presented to the court. Reading the two orders together, the probate court had jurisdiction. Act 77 of 1905. See Pope's Digest, § 7554.

If appellants' contention could be maintained and the appointment held void, then the rule announced in *Hastings v. U. S. Fidelity & Guaranty Company* [3] would apply and Rainwater would be held an equitable or *de facto* guardian. In such circumstance the probate court's order approving the settlement would be void, and on appeal the circuit court would not have acquired jurisdiction.

*Second.* None of our cases holds that when a guardian presents his or her settlement to the probate court, an attorney *ad litem* must be appointed. It is not an adversary proceeding in the sense that the ward must be represented by one especially appointed for that purpose. It is the court's duty to examine the account and to take such steps as may be necessary to verify the guardian's fidelity.

Twin City Bank had been in a failing condition for more than a year prior to January, 1933. Its instability

---

[3] 116 Ark. 220, 172 S. W. 1016.

was known to its officers. Rainwater, acting in the dual capacity of cashier, and guardian, seems to have served the bank with greater loyalty than he served his ward, yet the fact that the money was left on deposit during the period of stress must have been known to the probate judge. In his exceptions the attorney for Veterans' Administration urged this indiscretion. If the probate court erred in its judgment, and if the same error recurred on appeal, it cannot be said that the conduct complained of constituted fraud practiced upon the court.[4]

The plea *res judicata* was interposed by appellees. It must be sustained.

Affirmed.

---

[4] *Fidelity Deposit Company* v. *Fairfield,* 164 Ark. 498, 262 S. W. 322.