CHILDS v. MOTOR WHEEL CORPORATION.

Opinion delivered April 28, 1924.

1. CONTRACTS—EXCLUSION OF EVIDENCE.—In an action on an oral
   contract alleged to have been made after rescission of a prior
   written contract, where defendant testified that, except in one
   particular, the oral contract was the same as the written con-
   tract, it was reversible error to exclude the written contract.

2. APPEAL AND ERROR—DECISION ON FORMER APPEAL.—The decision of
   the Supreme Court on a former appeal is the law of the case on a
   second appeal.

3. APPEAL AND ERROR—DECISION ON FORMER APPEAL.— Where the
   court on a former appeal had determined that evidence pre-
   sented a question for the jury as to whether or not an oral con-
   tract sued on contained the same terms as a previously canceled
   written contract, it was error for the court to take the case from
   the jury.

Appeal from Calhoun Circuit Court; *L. S. Britt,*
Judge; reversed.

*Wallace Townsend,* for appellant.

It was error to refuse to allow the plaintiff to state
the circumstances leading up to the oral contract. 90
Ark. 272. The court erred in directing a verdict, since
the evidence on this appeal is practically the same as in

the first appeal, and the law of the case is settled by the first appeal. 153 Ark. 186. It was an invasion of the province of the jury to instruct a verdict under the clear, decisive and conclusive evidence of the plaintiff. 105 Ark. 136; 103 Ark. 401; 98 Ark. 334.

*E. L. Westbrook,* for appellee.

The contract was a car-to-car agreement. Under 88 Ark. 491, the contract was severable. When appellant refused to abide further by the oral agreement, appellee had the right to treat said agreement as terminated. 136 Ark. 507. There was no consideration for the additional contract. 112 Ark. 223. The conduct of appellant in wiring appellee if they could use two more cars on same terms as last, constituted a waiver of the breach, if any. 135 Ark. 435; 88 Ark. 491; 105 Ark. 421; 102 Ark. 79.

HUMPHREYS, J. This case is here a second time. On the first appeal the judgment was reversed, and the cause remanded for a new trial upon the issues joined as to the terms of the oral contract entered into between the parties on the 20th day of August, 1920, the alleged breach thereof, and the alleged damages growing out of said breach. *Motor Wheel Corporation* v. *Childs,* 153 Ark. 178. The original written pleadings did not present these issues, but testimony was introduced, without objection, responsive to said issues, which constituted an election to treat the pleadings as amended to present said issues. Upon remand the pleadings were amended in writing so as to present said issues, after which the cause proceeded to a hearing. Over the objection of appellant, the court excluded the written contract entered into between the parties of date July 31, 1920, and his testimony to the effect that the written contract expressed the terms of the oral contract except as to the place of inspection. With the exception of said written contract, the testimony introduced on the retrial of the case was, in substance, the same as that introduced in the first trial. For the statement thereof reference is made to the case

of *Motor Wheel Corporation* v. *Childs, supra.* At the conclusion of the testimony the court instructed a verdict for the appellant, and rendered a judgment in accordance therewith, from which is this appeal.

Appellant contends that the judgment should be reversed for two reasons; first, because the trial court refused to allow him to introduce the written contract of date July 31; and second, because he peremptorily instructed a verdict.

Appellant offered to testify that the oral contract of August 20 embraced, by reference and adoption, the terms contained in the written contract entered into by and between them on July 31, 1920, except as to the places of inspection of the materials sold and purchased. As the proffered testimony tended to show the terms and subject-matter of the oral contract, the court committed reversible error in excluding it from the jury. This testimony formed the foundation of appellant's case, and should have been admitted.

(2) The trial court also erred in taking the case from the jury, for the decision of the court on the first appeal became the law of this case. In rendering the opinion on the former appeal of the case the court said: "It was a question for the jury to determine what the contract made in Memphis on August 19 was—whether it amounted, as contended by appellee, to an agreement of sale according to the terms specified in the original written contract, or whether it was merely a contract, as contended by appellant, for the acceptance of such amount of material as appellee should see fit to ship.

"This state of the proof makes it a question for the jury to determine what the extent of the contract was that was entered into between the parties on the occasion named, and the case should have gone to the jury solely on that question and on the question of the alleged breach thereof."

For the errors indicated the judgment is reversed, and the cause is remanded for a new trial.