STANDARD SHINGLE COMPANY v. BERRY.

Opinion delivered May 18, 1925.

LOGS AND LOGGING—AGREEMENT TO PAY TAXES—EFFECT.—A pro-vision in the habendum clause of a deed conveying cypress tim-ber that, in case the grantee shall require a longer period than five years to cut and remove the timber, he "undertakes and agrees that he will pay all taxes assessed against the lands upon which the cypress is situated" *held* to be a covenant to pay the taxes, and not a condition upon which the timber might be cut and removed.

Appeal from Woodruff Chancery Court, Southern District; *A. L. Hutchins*, Chancellor; reversed.

*Coleman & Gantt* and *Roy D. Campbell*, for appellant.

*Ross Mathis* and *J. F. Summers*, for appellee.

HUMPHREYS, J. These cases were consolidated in the chancery court of Woodruff County, where brought, for the purposes of trial. Gross & Shields' case against W. C. Berry *et al.* was to enforce a vendor's lien for the balance of the purchase money alleged to be due them for timber on a 4,300-acre tract of land in Woodruff County, known as the Gross & Shields lands, and to question Berry's claim to the timber standing or fallen upon said land.

The suit of Berry *et al.* against the Standard Shingle Company *et al.* was to enjoin the Standard Shingle Com-

pany from cutting cypress timber upon said lands and from removing cypress timber therefrom which had been cut and not removed, and for an accounting of that which had been cut and removed. Berry claimed title to the timber under two timber deeds of date March 6, 1923, one from H. T. Witwer and wife, and the other from H. E. Kimmel and wife, conveying to him all their right, title, and interest in and to the timber of all kinds, standing or fallen, on the Gross & Shields lands in said county, particularly describing them. It was alleged that H. T. Witwer had acquired said lands from the Cotton Plant Timber and Logging Company on January 26, 1918, who, in turn, had acquired them by conveyance from Cecil Gross and W. D. Shields, and that H. E. Kimmel was interested with H. T. Witwer in the purchase of a part of the land. It was also alleged that Gross & Shields had released their vendor's lien on the standing timber on said lands, and that, while the Cotton Plant Timber and Logging Company had conveyed the cypress timber on said lands to R. J. Carter, the Standard Shingle Company's predecessor in title, yet Carter and his predecessors in title had forfeited all right to the cypress timber by failure to pay taxes on the lands in accordance with the terms of their timber deed.

The Standard Shingle Company, a partnership composed of E. H. Elsberry and R. Carnahan, filed an answer denying that it forfeited the right to remove the timber by failure to pay the taxes upon the lands, and a cross-bill alleging that it owned the cypress timber on said lands under a timber deed from W. W. Carter, in his own right and as administrator of A. J. Carter, deceased, to E. H. Elsberry and R. Carnahan, of date April 10, 1918, R. J. Carter having purchased same from the Cotton Plant Timber and Logging Company on May 15, 1916; and praying for judgment against W. C. Berry in the sum of $1,250, the alleged value of the cypress timber which he had cut and removed from said lands.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a finding that J. W. Berry was the owner of the cypress timber on said lands, and entitled to the value of the timber cut and removed therefrom on and after September 21, 1923, the day he recorded his timber deed from H. E. Kimmel and H. T. Witwer, and to an order restraining the Standard Shingle Company from removing or molesting the standing or fallen timber; also a finding that the bill of Cecil Gross and W. D. Shields should be dismissed for the want of equity. The decree was rendered in accordance with the finding, from which an appeal has been duly prosecuted to this court.

Aside from the pleadings, the record consists chiefly of the deeds in the chain of title of the respective parties back to the common source of title, and the testimony introduced responsive to the issue as to the amount and value of timber cut and removed by the respective parties from said lands.

The question presented for determination by the appeal is whether the Standard Shingle Company forfeited its right to remove the cypress timber from said lands on account of the alleged failure of itself and its predecessors in title to pay taxes on the lands. This must depend upon the effect to be given the following provision contained in the timber deed from the Cotton Plant Timber and Logging Company to R. J. Carter, of date May 15, 1916:

"It is agreed that, in the event the party of the second part shall require a longer period than five years to cut and remove the timber herein conveyed, the said party of the second part undertakes and agrees that he will pay all taxes assessed against the lands upon which the cypress is situated as the timber herein conveyed, it being understood that, in no event, shall any payment or payments of taxes on the lands aforesaid in any wise convey any title to the lands in question to the party of the second part herein." The provision appears in the

*habendum* clause of the deed, and is clearly a covenant to pay the taxes on the land, and not a condition upon which the timber might be cut and removed.   There is nothing in the language of the provision to indicate that the nonpayment of taxes on the lands should work a forfeiture of the right to remove the timber.   It is a promise, nothing more, on the part of the grantee to pay the taxes at the expiration of five years from the date of the deed on all lands from which the cypress timber had not been cut and removed.   Had it been intended that the title to the timber should revert to the grantor upon a failure to pay the taxes on the lands, after five years, upon which the timber was still standing, it would have been an easy matter to express it in the deed.   *Bain* v. *Parker*, 77 Ark. 168; *Earl* v. *Harris*, 99 Ark. 116; *St. L. S. W. Ry. Co.* v. *Curtis*, 113 Ark. 92; *Terry* v. *Taylor*, 143 Ark., 208 *School Dist. of Newport* v. *Holden Land & Lumber Co.*, 149 Ark. 213.   This deed was prior in time to the deed from the Cotton Plant Timber and Logging Company to H. T. Witwer, the predecessor in Berry's title, and the court erred in construing the provision therein with reference to the payment of taxes as a condition upon which the timber might be removed.

We are unable to determine from the record the amount and value of the timber removed from the land by Berry.   This feature of the case was not fully developed.

The Standard Shingle Company was entitled to the dismissal of Berry's bill and to a judgment against him for $917.50, the value of the timber which he cut on the premises, and an order restraining Berry from cutting or removing any timber from the lands.

The decree is therefore reversed, and the cause remanded with directions to determine the amount and value of the cypress timber removed from the land by Berry and to render a decree in accordance with this opinion.