BERRY v. GROSS.

Opinion delivered February 21, 1927.

APPEAL AND ERROR—EFFECT OF REVERSAL OF DECREE.—Where the Supreme Court in a former case concluded its opinion with the words, "the decree is therefore reversed," it referred to the decree as a whole, including the part not expressly discussed, since, if it was the purpose to reverse in part only, the court would expressly so declare and indicate the part affirmed.

Appeal from Woodruff Chancery Court, Southern District; A. L. Hutchins, Chancellor; affirmed.

J. F. Summers, for appellant.

Roy D. Campbell, for appellee.

WOOD, J. Gross and Shields instituted an action in the chancery court of Woodruff County to recover of Berry et al. damages for the value of timber on 4,300 acres of land in Woodruff County, Arkansas, which they alleged was due them by the defendants. Berry et al. instituted an action against the Standard Shingle Company et al. to enjoin it from cutting and removing cypress timber from these lands. Berry claimed title to

the timber under mesne conveyances from Gross and Shields. He alleged that Gross and Shields had released their vendor's lien on the standing timber and that the Standard Shingle Company, which had a prior timber deed to the cypress timber, had forfeited its right by failure to pay taxes on the land in accordance with the terms of its timber deed. The shingle company answered Berry's complaint, and denied that it had forfeited the right to remove the timber by failure to pay taxes on the land, and it made its answer a cross-complaint, alleging that it owned the cypress timber, and prayed judgment against Berry for the value of the timber which it alleged he had cut and removed from the land.

The cause was submitted to the court upon the pleadings and the testimony, which consisted of the deeds in the chain of title of the respective parties back to the common source of title, Gross and Shields, and the testimony responsive to the issues as to the amount and value of the timber cut and removed by the respective parties from said lands. The trial court found that Berry was the owner of the cypress timber claimed by the shingle company, and entered a decree for the value of such timber and restraining the shingle company from further cutting and removing such timber from the lands. The trial court also found that the complaint of Gross and Shields should be dismissed for want of equity, and rendered a decree in accordance with its findings. The causes had been consolidated for trial. Those causes as consolidated were appealed to this court, and the case is reported under the style of *Standard Shingle Co.* v. *Berry,* 168 Ark. 923, 271 S. W. 969. In the opinion we took up specifically the issue between the appellant and the appellee and disposed of the cause as to the shingle company, holding that that company had not forfeited its right to the cypress timber by failure to pay the taxes according to the provisions of one of the timber deeds under which that company claimed title. We there said: "We are unable to determine from the record the amount

and value of the timber removed from the land by Berry. This feature of the case was not fully developed. The Standard Shingle Company was entitled to the dismissal of Berry's bill and to a judgment against him for $917.50, the value of the timber which he cut on the premises, and an order restraining Berry from cutting and removing any timber from the lands. The decree is therefore reversed, and the cause remanded with directions to determine the amount and value of the cypress timber removed from the land by Berry, and to render a decree in accordance with this opinion.''

After the mandate of this court was filed in the lower court, a decree was entered by consent in favor of the Standard Shingle Company against Berry. Gross and Shields filed a motion in which they set up that, under the mandate, they were also entitled to a decree in their favor. Berry responded to that motion, and alleged that, under the mandate, Gross and Shields were not entitled to a decree in their favor foreclosing their alleged vendor's lien on the timber on the lands mentioned. The court sustained the motion of Gross and Shields, and entered a decree in their favor in the sum of $29,045, purchase price of the timber, and directed that a lien be declared on all timber except the cypress timber, and that the same be sold to satisfy the decree if the same were not paid within ten days, from which decree Berry *et al.* duly prosecute this appeal.

The opinion of this court in the case of *Standard Shingle Co.* v. *Berry,* 168 Ark. 923, 271 S. W. 969, *supra,* it must be conceded, did not expressly discuss and distinctly determine the issue between Berry *et al.* and Gross and Shields. But, when the opinion of the court in that case is considered as a whole, we are convinced that it was the purpose of the court to dispose of all the issues presented by the appeal and to reverse the finding and decree of the lower court which was adverse to Gross and Shields as well as the finding and decree adverse to the Standard Shingle Company. The decree of the trial court in the case of *Standard Shingle Co.* v. *Berry,* 168

Ark. *supra,* was treated by us as one decree, and was found erroneous in its entirety. While we discussed specifically and separately the issue between the shingle company and Berry, we did not mean by so doing and by a failure to separately discuss the issue between Gross and Shields and Berry, to hold that the decree of the trial court adverse to them was not likewise erroneous. We considered all the testimony presented by the record in that case, and we were firmly convinced that the decree of the trial court was erroneous, not only as it affected the interests of the shingle company but as it affected the interests of Gross and Shields as well.

In *Standard Shingle Co.* v. *Berry, supra,* the opinion concludes as follows: "The decree is therefore reversed, and the cause remanded with directions to determine the amount and value of the cypress timber removed from the land by Berry and to render a decree in accordance with this opinion." This language means what it says, that is, that the decree of the trial court is reversed. We were speaking of the decree of the trial court as a whole and not that part only which referred to the finding of the trial court with reference to the Standard Shingle Company. The trial court found that the complaint of Gross and Shields should be dismissed for want of equity. That part of the decree was reversed as well as that part relating to the shingle company. For, as we have stated, the decree was reversed as a whole, and not in part. If it had been the purpose of this court to reverse the decree in part and affirm in part, we would have expressly so declared, and indicated that part which was affirmed and that part reversed, and given directions accordingly. By declaring that "the decree is therefore reversed" and directing the trial court "to render a decree in accordance with this opinion," we intended, and the language necessarily means, that the trial court should understand that its entire decree was erroneous, and that a decree should be entered by it accordingly, in effect changing and reversing its former decree *in toto.*

There was therefore no error in the ruling of the court in granting the motion of appellees praying a decree in their favor and in rendering a decree as therein prayed.

The decree is affirmed.