**Richard ROEMHILD, Appellant,**

v.

**Dr. Grey JONES and Bull Sprig Hunting Club, Inc., Appellees.**

**No. 16463.**

United States Court of Appeals
Eighth Circuit.

Oct. 17, 1960.

D. D. Panich, Little Rock, Ark., for appellant; John W. Moncrief, Stuttgart, Ark., and B. S. Clark, Little Rock, Ark., on the brief.

W. M. Moorhead, Stuttgart, Ark., for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by plaintiff Roemhild from final judgment dismissing his complaint wherein he seeks recovery of real estate he conveyed to defendant Jones, and which Jones conveyed to defendant Bull Sprig Hunting Club, Inc. Plaintiff's claim is based upon breach of option to repurchase reserved in his deed to Jones, and upon breach of covenant to construct a ditch to provide plaintiff with water. Jurisdiction based upon diversity of citizenship and the requisite amount is established.

In Roemhild v. Jones, 8 Cir., 239 F.2d 492, we reversed a judgment on the pleadings for the defendants, holding that fact issues raised by the pleadings precluded such judgment. Upon remand after trial to the court upon the merits, plaintiff's complaint was again dismissed. The trial court's well considered opinion, incorporating its findings of fact, is reported at D.C., 178 F.Supp. 609. As full information as to the pleadings, issues and facts is provided by the opinions just cited, we deem detailed statement of the pleadings and facts unnecessary.

The reservations upon which plaintiff relies are contained in his quitclaim deed dated July 12, 1945, conveying the 320 acres here in controversy, to Jones. Like the trial court, we will deal separately with the option and the water proviso reservation.

The option contained in plaintiff's conveyance to Jones reads: "[Grantor Roemhild] reserving the right to repurchase said land from the grantee if he should at any time offer the same for sale, at the same price and amount grantee is now paying for same, and the grantee by acceptance of this deed agrees to and binds himself to such reservation."

Plaintiff claims Jones breached this option by selling and conveying the land in controversy to the defendant Bull Sprig Hunting Club, Inc., (hereinafter called the Corporation) on May 16, 1951. Defendants admit the execution and delivery of such deed and concede that plaintiff was afforded no opportunity to repurchase the land. Defendants, among other defenses, asserted that Jones acquired legal title to the land as trustee for the members of the unincorporated club and that his deed to the Corporation was merely a transfer of the naked legal title in fulfillment of a trust obligation, and did not constitute a sale within the meaning of the option. In support of such defense, defendants, over plaintiff's objection, produced evidence set out in detail in the trial court's opinion to the effect that Jones was associated with others in obtaining land in the vicinity of plaintiff's land for hunting purposes, that an unincorporated association was formed for such purpose, that various tracts of land were acquired and taken in the name of an individual club member for the benefit of the club, that plaintiff's land was so acquired, that plaintiff prior to the date of purchase had not known Jones, that various members of the club participated in the negotiations leading up to the purchase of plaintiff's land, and that plaintiff knew of the existence of the club and that his land was being acquired by the club for hunting purposes. The $1,300 paid plaintiff for the land was provided by Grant, a club member. The club

was incorporated in 1951 by the then members of the unincorporated association, most of whom had been members from the start. Shortly thereafter legal title to the club assets was conveyed to the corporation. As a part of such plan, legal title to the land in controversy was conveyed by Jones to the Corporation. Jones and other club members testified that Jones received no consideration for his deed to the Corporation and that his conveyance was merely the fulfillment of the obligation he assumed when he took naked title to the land for the benefit of the club members. The incorporators did receive stock in the defendant Corporation for their contributions to the club, but Jones received no stock in exchange for his deed conveying the land here involved.

Plaintiff offered evidence in conflict with the foregoing. He places particular reliance upon the undisputed evidence that Jones' deed to the Corporation bears revenue stamps in the amount of $4.40, and argues from this that Jones must have received in the neighborhood of $4,000 from the Corporation for his deed. Jones testified that he did not put the stamps on the deed, that he had no prior knowledge that such stamps were on the deed, and that he did not know why or how the stamps were placed on the deed. Jones' conveyance to the Corporation and the recording of the deed was handled by an attorney for the Corporation who is now deceased. There is no evidence in the record as to why the stamps were placed on the deed or as to who affixed the stamps. The revenue stamp evidence is entitled to consideration, but such evidence is by no means conclusive proof that Jones received $4,000 or any other consideration for his deed to the Corporation, particularly in the light of the corroborated testimony of Jones that he received no consideration for his deed and the substantial evidence that the original purchase money for the land was contributed by Grant.

Plaintiff urges that Jones is bound by the option provision of the deed from plaintiff, which he accepted, and that the terms of said option cannot be varied by parol evidence. The trial court recognized that the parol evidence rule prevailed in Arkansas and that ordinarily parol evidence is not admissible to vary the terms of a written instrument, such as a deed. The court (at page 616 of 178 F.Supp.) points out that the Arkansas courts recognize certain exceptions to the parol evidence rule, and that parol evidence is admitted to show the true consideration or to establish a resulting or constructive trust. The court recognizes that this is not an action to enforce a resulting trust. If a controversy had arisen between Jones and the Corporation as to the equitable ownership of the land, a resulting trust situation would have been presented. The court states:

"While this is not a suit to establish or enforce a resulting trust, nor is it a suit brought by or against an undisclosed principal, it bears a strong analogy to actions of that type, and the Court is satisfied that the challenged evidence was admissible. The evidence was not admitted to vary or contradict the terms of either the option to repurchase or the obligation on the part of Dr. Jones to dig the ditch. It was introduced simply to show the nature of the original transaction and to show that the transfer of the legal title to the property was not a sale within the meaning of the option."

Support is found for admission of parol evidence in our present situation in United Loan & Investment Co. v. Nunez, 225 Ark. 362, 282 S.W.2d 595, 596. There the court permitted the grantors to show by parol evidence that the grantee Kelly was a "strawman" who had no beneficial interest in the property conveyed to him. Mr. and Mrs. Nunez, owning property in entirety, upon their attorney's advice, deeded the property to Kelly who agreed to convey the title to Mrs. Nunez, which he did. It was then discovered that Kelly at the time he took legal title had an unsatisfied judgment

of record against him. The court held that Kelly's judgment creditor had no lien upon the real estate. The court rejected the contention that parol evidence was not admissible because the offered evidence showed the entire absence of consideration, stating:

"Here, it was not attempted to show entire absence of consideration; rather, the offered evidence was designed to show *what* the actual consideration was—i. e., that Kelly was a conduit of title or a mere trustee and never a bona fide or beneficial owner of the property. The recital of consideration in a deed may be varied by parol for every purpose except to show that the deed was without consideration. Davis v. Jernigan, 71 Ark. 494, 76 S.W. 554; Mewes v. Mewes, 116 Ark. 155, 172 S.W. 853; and other cases collected in West's Ark. Digest, Evidence, ☜ 419(2)."

■ Plaintiff has failed to demonstrate that the trial court misinterpreted Arkansas law in admitting parol evidence tending to establish that Jones took only a naked legal title as trustee for the benefit of the members of the unincorporated hunting club. The court, 178 F.Supp. at page 615, states:

"* * * the Court construes the option to mean that plaintiff should have the right to repurchase the property should it be offered for sale to some outside individual or interest for cash or its equivalent, and is of the opinion that it did not include the transfer of title to the property to the corporate defendant, which transfer was without any monetary consideration. Hence, assuming without deciding that the option is valid, it has never become operative, and there has been no breach thereof."

The court, citing supporting authority from Arkansas and other jurisdictions, then states:

"* * * two of the essential elements of a sale are parties standing in the relative positions of buyer and seller and a price paid or to be paid for the property sold."

The court then concludes that Jones and the corporation did not occupy towards each other the positions of seller and buyer, and that no price was paid Jones by the corporation.

■ Plaintiff complains that the trial court ignored his testimony, and instead credited the testimony of Jones and his corroborating witnesses upon disputed factual issues. The responsibility for determining disputed questions of facts rests upon the trial court. Such findings shall not be set aside unless clearly erroneous. Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A.; Commercial Standard Insurance Co. v. Maryland Casualty Co., 8 Cir., 248 F.2d 412, 416; Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 137.

We are satisfied that the trial court's basic fact findings, which form the foundation for the trial court's decision and judgment on the option issue, are supported by substantial evidence. The court committed no error in denying plaintiff relief upon the option.[1]

Plaintiff also relies upon what is referred to as the water proviso in his deed to Jones. This proviso reads: "[Grantor Roemhild] reserving the right, however, to use the water from the ditch bordering said land and which the grantee covenants to construct on the outside of a levee which he proposes to erect around portions of said tract of land."

---

1. The trial court expressed no opinion as to plaintiff's rights, if any, under his option in the event the corporate defendant should undertake to sell the property. Since the court found no breach of the option, it deemed it unnecessary to consider the validity of the option in the light of the rule against restraints upon alienation and the rule against perpetuities. Like the trial court, we express no opinion as to plaintiff's rights under his option in the event the Corporation attempts a sale.

It is to be observed that the deed contains no provision for reverter or forfeiture for the violation of the foregoing covenant. It is apparent that the specifications contained in the deed covenant relating to the nature of the ditch to be constructed and its location are extremely vague and indefinite. The court determined from the evidence that the only ditch that could be constructed which would carry water from the drainage ditch to other land owned by the plaintiff would be a ditch along the east line of Section 4, and that no such ditch had been constructed. The court determined that defendants had breached their obligation to construct the ditch contemplated by the water proviso in the deed.

The court expressed doubt as to whether the breach of the covenant to dig the ditch was of such a substantial nature as to warrant rescission.[2]

The court determined that in any event, plaintiff's right to rescission or any other equitable relief by reason of the breach of the water proviso is barred by the Arkansas five-year statute of limitations barring actions on written contracts. Ark.Stats.Ann.1947, §§ 37–209, 37–210. The court held that since no time for constructing the ditch was fixed, defendants were obligated to construct the ditch within a reasonable time. The court then states, 178 F.Supp. at page 617:

"In view of the fact that the levee which was first built was completed by the fall of 1945, and that the second levee was finished by the fall of 1946, it is clear that a reasonable time for completion of a levee and ditch along the east line of Section 4, after making ample allowance for the time consumed in the construction of the levees that actually were built, would have been not later than the fall of 1947, and plaintiff's cause of action accrued at that time if not before. He did not commence his suit, however, until the last of July 1954, and for that reason his action is barred by the Arkansas five year statute of limitations."

The court additionally found on the basis of Arkansas cases cited,[3] that plaintiff had waived any right to rescission by failing to proceed with reasonable diligence after his right to rescind arose and came to his knowledge.

■■ The trial court reached permissible conclusions on the basis of Arkansas law in determining that any equitable remedy plaintiff may have had under the water proviso was barred by the statute of limitations, or waived by reason of laches. There is substantial evidence to support the trial court's findings of fact upon which the court's judgment is based.

Plaintiff's contention that the trial court's judgment is in conflict with our opinion reported at 8 Cir., 239 F.2d 492, is devoid of merit.

The judgment appealed from is affirmed.

---

2. The court could well have found against the plaintiff on the water proviso issue on the basis that the breach of a covenant such as here involved affords no basis for rescission or forfeiture, but at most gives rights only to an action for damages. Davis v. St. Joe School District, 225 Ark. 700, 284 S.W.2d 635; Faust v. Little Rock School District, 224 Ark. 761, 276 S.W.2d 59; Standard Shingle Co. v. Berry, 168 Ark. 923, 271 S.W. 969; Bain v. Parker, 77 Ark. 168, 90 S. W. 1000; 14 Am.Jur., Covenants, § 3, pp. 480, 1, § 34, p. 511. Plaintiff neither pleaded nor proved damages, and in oral argument expressly disclaimed that he was seeking to recover damages. Since the court in its opinion did not base its decision upon this ground, and the parties did not brief it, we refrain from affirming on the ground that rescission or forfeiture cannot be based upon the breach of the water covenant.

3. Jones v. Gregg, 226 Ark. 595, 293 S.W. 2d 545; McCormick v. Daggett, 162 Ark. 16, 257 S.W. 358; Kilgo v. Continental Casualty Co., 140 Ark. 336, 215 S.W. 689; Fitzhugh v. Davis, 46 Ark. 337.